### LEE *et al. v.* GILES *et al.*

1. A deed of bargain and sale, made by a trustee as such, who has no interest in the premises conveyed otherwise than as trustee, will serve to execute a general power of private sale conferred upon him by the trust deed over the specific property described in his deed, though no reference

to the power is therein made. Where the consent of one of the beneficiaries of the trust to an exercise of the power by the trustee is required, it is not necessary that such person should join with the trustee in making the deed or indorse thereon a written approval of the sale and conveyance; but such consent may be evidenced by a written assent to the sale entered upon an application for leave to sell, presented by the trustee to a judge of the superior court, who, though without jurisdiction to decree a sale of the property independently of the power of sale conferred upon the trustee by the deed of trust, gives his sanction to the proposed sale of the property for the purpose of reinvestment, agreeably to the power of sale conferred upon the trustee.

2. Although several writings so correlate that all are necessary for the effective consummation of the act sought to be established, each instrument should be separately tendered in evidence, in order that opportunity for inspection and objection may be afforded the opposite party; but their collective tender and allowance in evidence over timely protest is not such an irregularity as will require a new trial, where it appears that all of the papers were admissible and that the opposite party was given full opportunity to urge his objections to each instrument.

3. Deeds originating from the same grantor, though covering a different tract of land from that in dispute, may be introduced in evidence for the purpose of showing what particular parcel of an entire tract formerly held by him was intended to be conveyed by a deed made to one of the parties litigant, when relevant for this purpose.

Argued November 27,—Decided December 21, 1905.

Complaint for land. Before Judge Felton. Bibb superior court. May 18, 1905.

Thomas Lee and Sarah Sheffield sued Mrs. John Giles and Andrew Giles, the property which was the subject-matter of the suit being described in the petition as "One and one half acres of land lying in South Macon, on the new Houston road, in said county, and bounded as follows: east by the new Houston road; south by lot recently owned by Thomas Bunkley, now by Avery; west by lot of Mrs. John Giles; north by a street running into the new Houston road, called . . . . . . . street." Plaintiffs alleged that they and the defendants claimed the land under a common grantor, John A. Sloan. The abstract of title set forth a deed from Sloan to William Lee, as trustee for his wife, Nancy R. Lee, for her life, with remainder to her children at her death, under which deed William Lee and Nancy Lee went into possession; she died in November, 1900, and plaintiffs were her only children living at the time. The defendants set up title by prescription, growing out of exclusive and adverse possession for a period of forty years under deeds duly recorded, and alleged that they had made valuable im-

provements on the premises, in good faith believing they had the legal title thereto. They also set forth the following facts as matter of defense: The deed from John A. Sloan to William Lee, as trustee for his wife, conferred upon him power to sell the land, with her consent, and invest the proceeds in other property. On February 17, 1863, he, as trustee, presented a petition to the Hon. Osborne A. Lochrane, judge of the superior courts of the Macon district, praying that an order be passed authorizing him to sell the land and invest the proceeds in other property, subject to the same trust. To this petition was annexed the consent of Nancy R. Lee; and on March 26, 1863, his honor passed an order granting the prayer of the petition and decreeing a sale of the land to the party therein named as the person to whom the trustee desired to sell at a stipulated price. On the same day William Lee, as trustee for his wife and children, made a deed to the property to Mathew S. Anderson, the proposed purchaser just referred to, which deed was properly recorded on May 1, 1863. The defendants averred that the sale and conveyance to him was an execution of the power of sale conferred upon the trustee by the deed from John A. Sloan, and passed title out of the trustee and Nancy R. Lee and her children, and into Mathew S. Anderson, whose grantees are entitled to hold the property as against the plaintiffs, the children of Nancy R. Lee.

On the trial the petition by William W. Lee, as trustee for Nancy R. Lee and children, for leave to sell the trust property, together with the accompanying written consent of Nancy R. Lee to the proposed sale and reinvestment, and the order passed by the judge of the superior court granting the prayer of the petition, were introduced in evidence. This order contained the recital that leave was granted to the trustee to sell the land described in his petition, "it appearing by the deed hereto attached that said William Lee has power to sell with the consent of the said Nancy." His conveyance executed on the same day, which was also offered in evidence, recited that it was an indenture made "between William Lee, trustee, of the county of Bibb, of the one part, and Mathew S. Anderson," of the same county, of the other part; and that "William Lee, trustee for his wife and children," had granted and did thereby convey unto Anderson, his heirs and assigns, "all that tract or parcel of land bounded as follows: joining lands of Bryce on the north, lands of Miller on the south, lands of Daly on the east, and Houston

road on the west; also adjoining lands of Monroe Sheffield, and formerly part of same lot, containing one and one quarter acre, more or less." The deed was signed : "W. W. Lee, trustee for wife and children." The defendants introduced other deeds made by Anderson and his grantees, for the purpose of tracing title to the land in dispute into John Giles, in whose will they were named as sole beneficiaries. The plaintiffs relied on the trust deed from John A. Sloan to William Lee. The case was submitted to the jury, and a verdict in favor of the defendants was returned. A motion for a new trial, presented to the court in behalf of the plaintiffs, was over-ruled, and exception is taken to the judgment rendered on this motion. It contains, aside from the general grounds directed against the verdict, various assignments of error upon rulings made during the progress of the trial, as well as specific complaints of certain instructions given in charge to the jury.

*M. G. Bayne,* for plaintiffs.

*M. Felton Hatcher* and *Richard Curd,* for defendants.

EVANS, J. (After stating the facts.) 1. The deed of trust from John A. Sloan to William Lee was made on January 7, 1863, and was in all essential particulars identical, as to language and legal effect, with the trust deed which was construed by this court in *Luquire* v. *Lee,* 121 *Ga.* 624. The trust covered only the life-estate, and the trustee was not clothed with the title to the legal estate in remainder. As to this proposition counsel for the respective parties entirely agree. The case hinges upon a determination of the question whether or not there was a valid execution of the power of sale conditionally conferred upon William Lee by the deed in which he was named as trustee. It recited that the land therein described was thereby conveyed "with full power to said William Lee, with the consent of the said Nancy R. Lee, to sell said property and invest the proceeds in other property." It did not provide in what manner or by what means the consent of Nancy R. Lee, if procured by the trustee, should be evidenced; it did not even stipulate that her consent had to be in writing. Assent by her, rather than the mode in which she expressed her approval of a sale by the trustee, was the essential thing needed by him to put the power in execution; her assent was the substance, the form of its expression the mere shadow, of any authority which he could derive from her to exercise the con-

ditional power conferred upon him by the grantor. It was by no means necessary that she should join with him in the execution of any conveyance to the land which he should undertake to make under the power of sale. She might properly, by writing her approval of his act upon his deed, signify her assent to a sale. *Dykes* v. *McVay,* 67 *Ga.* 502. Or she could evidence her consent in other ways equally effective. Writing her assent to a sale for reinvestment upon a petition presented by the trustee to the judge of the superior court with a view to procuring judicial approval of a contemplated sale by the trustee would be altogether a proper mode of expressing her willingness to an exercise by him of the power with which he was clothed. *Trammell* v. *Inman,* 115 *Ga.* 878. That judicial approval was non-essential would not affect the question whether in point of fact the trustee had procured her consent before attempting to sell; though, in the interest of certainty and with a view to establishing a clear title of record, the plan adopted in the *Headen* case, 92 *Ga.* 223, of joining with the trustee in making the conveyance and indorsing upon it assent to and approval of the sale, is much to be commended. While William Lee did not, under the terms of the trust deed, acquire title to the legal estate in remainder, yet it can not seriously be doubted that the grantor contemplated, in the event of a sale for reinvestment, that the land itself should be sold, and not merely the life-estate therein or any estate less than the fee. *Headen* v. *Quillian,* 92 *Ga.* 222.

We now reach the question whether the deed from Lee, trustee, to Anderson was, under the facts in the record, a good execution of the power conferred on the trustee by the Sloan deed. It will be borne in mind that Lee had no individual interest in the realty; as trustee he was merely the repository of the naked legal title to the life estate, with power to sell the whole property—both the life estate and the estate in remainder,—conditional on the assent of his wife. As we have shown, the wife's written consent was indorsed on the application for leave to sell, which not only disclosed the intent and purpose of the trustee, as such, to sell the property, but also that the sale was to be made to the particular individual to whom the sale was actually made. The deed from Lee, trustee, to Anderson made no reference to the power of sale given to the former by the trust deed; but as Lee, the grantor, had no private interest in the land, his deed is to be construed as an execution of the power to

sell the land over which the power extended.  As was said by Bleckley, C. J., in *Terry* v. *Rodahan,* 79 *Ga.* 289 : "Every purchaser of realty for value takes the risk of his vendor being clothed with power to sell at the time of the sale, and by the mode of sale adopted; but he is not bound to know from whence the power is derived, or whether it springs from ownership or by delegation in trust.  It is enough that there be authority to sell and convey when and how the sale is made, and the conveyance executed.  If the vendor actually sell and convey, his intention to do so is manifested, and whether in his own mind he means to do it in one character or another the purchaser need not know nor inquire; provided only that the sale and conveyance be such as the vendor has a legal right to make."  No efficacy was imparted to the deed by the order of the chancellor, but that very order expressly recognized the power of the trustee under the trust deed to make the proposed sale.  That he was without jurisdiction to decree a sale independently of this power residing in the trustee can not affect the question whether or not the trustee, acting either under the express approval of the chancellor or irrespective of the order passed by him, executed the power agreeably to the terms of the trust deed.  To be a good execution of such a power, it is not essential that reference to the power be made in the conveyance, where the grantor has no interest in the land conveyed save that derived from the instrument creating the power.  "If the grantor has no interest in the land, his deed will be insensible and a mere absurdity, if not intended as an execution of the power; therefore it will be held to be an execution of the power, if it refers to the subject-matter of the power, or describes the land over which his power extends.  It will be seen that this last conclusion is a presumption of law; this presumption may be more or less strong, according to all the circumstances of the case and the condition of the property.  If all the words of a deed or will can have an effect given to them, and an operation upon property or rights, without being taken as the execution of a power, they will not be an execution of such power.  If a man has several powers, and refers to some and not to others, the execution will exclude those not referred to.  From these propositions it may be seen why a conveyance of specific property, or a specific devise of property, will generally operate as the execution of a power, if the grantor or testator has no other interest in the property but the power, al-

though he makes no reference to the power in his deed or will."
2 Perry on Trusts, § 511c, quoted in *Terry* v. *Rodahan,* supra. The
various charges complained of were adjusted to the foregoing propo-
sitions, and were not erroneous for any of the reasons assigned.

2. On the trial, counsel for the defendants tendered in evidence,
collectively, the application of William W. Lee, as trustee, for leave
to sell the land, upon which was indorsed Mrs. Nancy R. Lee's con-
sent; the order of the judge of the superior court, and the deed from
Lee, trustee, to Anderson.  Objection was made to this collective
tender of several documents, and counsel for the plaintiffs invoked a
ruling of the court that each document be severally offered.  Where-
upon the court remarked: "I will not treat them as separate instru-
ments.  I can not do that."  Error is assigned upon this remark,
which was made in the presence of the jury, and on the refusal of
the court to require a separate tender of each document.  Objection
was further urged to the admissibility of the petition and order, be-
cause the land was not described and the order did not affect the
estate in remainder; and objection was made to the deed being re-
ceived in evidence, on the ground that no consent of Mrs. Lee to
the sale of the land appeared from the deed, nor any authority on
the part of the trustee to sell.  These objections were overruled, and
the various documents admitted in evidence.  It appeared from the
evidence that these papers were found among other papers of J. B.
Giles, under whose will the defendants claimed as legatees, and that
they had the appearance of being glued together at one time.  It
would have been more regular for the judge to require the separate
tender of each of the writings, in order that opportunity for in-
specting them and urging objection to each might be afforded the
opposite party.  But the different instruments were so correlated
that all were necessary to establish the execution of the power of
sale by Lee as trustee; and it seems that counsel for the defendants
did make his objections to their introduction in evidence, and had
each of these various objections passed on by the court.  Each of
the papers was admissible in evidence if offered singly, and their
simultaneous tender being only an irregularity, the ruling of the
court was not such an error as will require a new trial of the case.
The application for leave to sell did, in point of fact, set forth a
description of the land therein referred to; and there was no merit
in any of the other objections, as has been made to appear from the

discussion of the legal questions dealt with in the preceding division of this opinion.

3. Complaint is made that the court erred in allowing in evidence two deeds (one from Sarah M. Sheffield to Reuben C. Wilder and the other from the heirs of Reuben C. Wilder to Sarah J. Goodyear) purporting to convey an acre of land, and giving as the northern boundary the lands of J. B. Giles, under whom defendants claim title. The objection urged against the admission of these deeds was that they were irrelevant. The land conveyed by the Sloan deed was therein described as containing two and one half acres and having certain named boundaries. Prior to the execution of the conveyance to Anderson, under whom the defendants claim that their testator held, W. W. Lee, as trustee, had conveyed to Monroe L. Sheffield one acre of the land described in the Sloan deed. This deed was admitted in evidence without objection. It appeared that Sarah M. Sheffield was the widow of Monroe Sheffield, and that the land described in her conveyance was assigned to her as a year's support and was the same land conveyed by W. W. Lee, trustee, to her husband. The deeds objected to were relevant. In that from Lee, trustee, to Anderson, the eastern and western boundaries were confused; and the two deeds objected to (one of which was executed by one of the plaintiffs), by the description of the land thereby conveyed, tended to identify the lot of land in dispute as the land described in the deed from Lee, the trustee, to Anderson.

The evidence supports the verdict, and we see no error of law requiring the grant of a new trial.

*Judgment affirmed.  All the Justices concur.*