[No. 7834.]

## BENNETT V. LAWS ET AL.

CONVEYANCES—*By Attorney In Fact, Not Reciting the Power.* A power of attorney executed by four sons to their father, in the broadest terms, and expressed to be irrevocable, authorized the father to convey specified lands, and appropriate the proceeds to his own use.   The father had no interest in the land, and no other power of disposition over the same.   *Held* that a deed executed by the father, in his own name, and making no reference to the power, passed the title, (292, 293.)

*Error to Mesa District Court.*   Hon. SPRIGG SHACKLEFORD,  Judge.

Mr. GEORGE BULLOCK, Messrs. LOGAN & MILLER, for plaintiff in error.

Messrs. WHEELER & WEISER, for defendants in error.

HILL, J., delivered the opinion of the court.

This controversy is over the title to an undivided one-fourth interest in four lots in Grand Junction.   The facts admitted by the pleadings are, that on December 17th, 1903, Jarvis L. Bennett, being the owner of these lots, conveyed them to his four sons, one of whom is the plaintiff in error, each receiving an undivided one-fourth interest; that on April 7th, 1907, the four sons executed and delivered to the father a power of attorney in the usual form, which, omitting the formal parts, states, that reposing special trust and confidence in our father, etc., we have made, etc., and do make, constitute and appoint him our true and lawful attorney for us in our name, place and stead, for his sole use and benefit, to sell, transfer, assign, lease, mortgage, or other-

wise encumber or dispose of these lots, etc., and acknowledge or make any deeds, mortgages, leases or other written instruments to effectuate said purposes or any of them, to collect the purchase price for the sale thereof, and to appropriate and retain the same, or any part thereof, to his own use, hereby in consideration, the receipt of which is hereby acknowledged, make this power of attorney irrevocable during the lifetime of the said Jarvis L. Bennett, "hereby giving and granting unto our said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done, in and about the premises, as fully to all intents and purposes as we might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that our said attorney or his substitute shall lawfully do or cause to be done by virtue hereof," etc.; that on July 9th, 1907, the father, Jarvis L. Bennett, sold and conveyed the lots in question to J. C. Jones by warranty deed, executed in his own name, the consideration being $5,800.00, there was no reference in this deed to the power of attorney; that on November the 24th, 1908, the plaintiff in error, John M. Bennett, executed a purported revocation of this power of attorney theretofore executed by him; that on June 1st, 1909, the father, Jarvis L. Bennett as the purported attorney in fact for his four sons, executed and delivered to J. C. Jones a warranty deed to correct the deed formerly executed and delivered to Jones on July 9th, 1907; that upon the same date the other three sons conveyed to Jones any interest they might have therein; that on December the 12th, 1910, J. C. Jones, for a valuable consideration, executed and delivered to John A. Laws, one of the defendants in error, a warranty deed to the premises in controversy. These instruments were all recorded in the order and at about the dates of their execution. This action was brought by the plaintiff in error, alleging his one-fourth ownership in the lots, and asking for their partition, etc. By cross complaint,

the defendant, Laws, alleged ownership and sought to have his title quieted as against the plaintiff. Judgment was in his favor. The plaintiff brings the case here for review.

If the deed from Jarvis L. Bennett to J. C. Jones, bearing date July 7th, 1907, transferred title, it is unnecessary to consider the effect of the instruments following other than the deed from Jones to Laws, the regularity of which is not controverted. It stands admitted that this first deed from Bennett to Jones was for value, to an innocent purchaser in good faith, with notice, of course, of the contents of the power of attorney, but it is earnestly urged as the deed does not purport to be executed by the father as the attorney in fact for the sons, or in their names for them, but simply in his own name, that it did not pass any title. We cannot agree with this contention. The power of attorney is sweeping. It was for the use and benefit of the father, and was practically unlimited in its scope. He had no title or interest in the lots except that given him under this power of attorney, and that it was this title which he was thereby authorized to convey, and none other, that was intended to be passed to Jones, is clearly evidenced by all of these instruments when considered together. In commenting on this line of cases, Reeves on Real Property, Vol. 2, p. 1237, says:

"It is thoroughly settled everywhere that, when the instrument does not mention the power but could have no material operation except as executing it, it shall be treated as intended to have that effect. Hence the rule that a transfer of land, by one who owns no estate in it and only a power over it, is to be deemed an execution of the power unless a contrary intention clearly appears."

In *Hill v. Conrad*, (Tex. Civ. App.) 41 S. W. 541, this question was under consideration. In commenting upon it, after referring to certain cases, the court says:

"The rule recognized in these decisions is that if the grantor has no estate in the land which can pass by the deed, but has a power to convey the title of another, his act will

be referred to his power, because the purchaser will be supposed to have bought in reliance on it."

This case was overruled by the Supreme Court of Texas, *Hill v. Conrad,* 91 Texas 341, 43 S. W. 789, not upon account of this declaration, which, as the Texas Court of Appeals indicates, had been recognized in earlier decisions of their Supreme Court, but for the reason that the facts of that case did not bring it within the rule. The deed there under consideration contained the extraordinary recital "being the same property I bought from Mosely Baker as per his deed to me on record, and by virtue of which purchase I declare myself to be the legal owner of the same." By this language the court held that the grantor repudiated the power of attorney by which he was authorized to convey, and declared that he had acquired it by purchase under a certain deed thus referred to in his conveyance, and by virtue of which he then and there declared himself to be the legal owner. We have no criticism to this holding, but it is not applicable to the facts here, which disclose that the only claim of title or right to convey which the grantor had, was by virtue of this power of attorney and none other. This brings it clearly within the rule.

· The principles upon which the validity of this deed should be sustained have, in part at least, been heretofore applied by this court. *Mulford v. Rowland,* 45 Colo. 172, 100 Pac. 603. They are also supported by the great weight of authority in the United States. 31 Cyc. 1122; Tiffany on Real Property, Vol. 1, § 283; *Blagge v. Miles,* 1 Story 426, Fed. Cas. No. 1,479; *Hunt v. Rousmanier's* Adm'rs, 5 Curtis, 379, 8 Wheat. 174, 5 L. Ed. 589; *White v. Hicks,* 33 N. Y. 383; *Reilly v. Chouquette,* 18 Mo. 220; *Ridgely v. Cross,* 83 Md. 161, 34 Atl. 469; *Johnson v. Cushing,* 15 N. H. 298, 41 Am. Dec. 694; *Funk v. Eggleston,* 92 Ill. 515; *South v. South,* 91 Ind. 221, 46 Am. Rep. 591; *Taylor v. Eatman,* 92 N. C. 601; *Gulf Red Cedar Lbr. Co. v. O'Neal,* 131 Ala. 117,

30 South. 466, 90 Am. St. Rep. 22; *Terry v. Rodahan*, 79 Ga. 278, 5 S. E. 38, 11 Am. St. Rep. 420.

The judgment is affirmed.

*Affirmed.*

GABBERT, C. J., and TELLER, J., concur.

Decided April 5, A. D. 1915. Rehearing denied June 7, A. D. 1915.