[No. 8745.]

CLARK V. BOULER'S ESTATE.

1. CONTRACTS—*Construction.* The circumstances attending the execution of a writing are to be taken into account in the interpretation thereof.

Where, of two admissible constructions of the words used, one will render the writing effective, the other nugatory, the former is to be accepted.

2. ——*Will or Deed.* Bouler executed a writing declaring "This to be my wish and deed. (1) All just debts shall be first paid from my estate. (2) In consideration of board and other kindness, I sell and convey all the rest of my estate," to three persons named. He was in fact indebted to the persons mentioned, for board, lodging and care. The paper being without the attesting witnesses required by statute, and therefore invalid as a will, was construed to be a deed.

*Error to Elbert District Court.* Hon. W. S. MORRIS, Judge.

*En banc.*

Messrs. HARRIS & PRICE, for plaintiff in error.

Messrs. HILLIARD, LILYARD & FINNICUM, for defendants in error.

Opinion by Mr. JUSTICE TELLER.

The plaintiff in error brought suit to recover certain real estate and personal property held by defendant Baldwin as administrator of the estate of John Bouler, deceased.

It is alleged in the complaint that said Bouler for several years prior to his death had lived in plaintiff's family, and been cared for by them; that in consideration of an indebtedness for such care, and in payment thereof, he conveyed to plaintiff and her sons the property in question. The instrument under which plaintiff claims is set out as follows:

"I, John Bouler of Elbert County, State of Colorado, being in sound mind do make and declare this to be my wish and deed:

First, all just debts and future expenses shall be the (first) to be paid from my estate, moneys and credits.

Second, for and in consideration of the kindness and benefits of board and other kindness shown me, I sell and convey all the (rest) of my (estate) both real and personal, (to be divided as follows): One-half to Ellen L. Clark, one-fourth to Chas. E. Clark and one-fourth to Fred C. Clark, and to their heirs and assigns forever, to maintain and hold. I nominate Ellen L. Clark as my legal grantee within.

Whereof I hereunto set my hand and seal this 12th day of July, A. D. 1901.

JOHN BOULER (Seal)

Witness, A. G. Putnam."

It is further alleged that said deed was then duly delivered to, and fully accepted by, the plaintiff and her sons, the said Charles E. Clark and Frank C. Clark "in full payment of all debts, claims and demands against the said John Bouler, subject to the payment of his just debts and expenses," and that plaintiff's sons subsequently conveyed their interests to her.

The defendants demurred on the ground that plaintiff had filed no claim against the estate within the time allowed therefor by law, and further that the complaint did not state a cause of action.

The demurrers were sustained, but on which of the grounds stated does not appear.

Plaintiff electing to stand upon her complaint, judgment was entered against her.

The plaintiff in error alleges error in the sustaining of the demurrers and in rendering judgment against her.

Defendants in error in their brief argued only the question of the sufficiency of the complaint, and we may consider the other grounds of demurrer as abandoned.

The question to be determined is whether the so-called deed is, when properly construed, a deed or an instrument of a testamentary character.

In determining this we may consider the circumstances under which it was executed.

The demurrers admit the allegations of the complaint that Bouler was indebted to the plaintiff and her sons for board, lodging, and care, and that by the said instrument payment of said indebtedness was attempted to be made. We must, therefore, regard the instrument, whatever its character, as made upon a valuable consideration. It was intended to provide for the payment of Bouler's debt to the plaintiff in error.

The rule is that, when the language of an instrument admits of two constructions, one of which will render it effective, and the other nugatory, the former construction will be adopted; for it is not to be supposed that the instrument was intended to be a nullity.—*Wyatt v. Irrigation Co.,* 18 Colo. 298, 33 Pac. 144, 36 Am. St. 280; *St. L. & D. L. & M. Co. v. Tierney,* 5 Colo. 582; Devlin on Deeds, Sec. 850, p. 1565.

"Where the contract as a whole is susceptible of two meanings, one of which will uphold the contract or render it valid, and the other of which will destroy it or render it invalid, the former will be adopted so as to uphold the contract." 9 Cyc. 586.

Counsel for defendants in error contend that this instrument is in form a will, invalid, however, for want of witnesses.

It does not, they say, pass a present interest in the property, and no interest could vest under it till the death of Bouler.

That it is invalid as a will is not disputed, and it can be effective only as a deed, if at all.

It is clear that the second paragraph of the instrument, standing alone, would constitute a deed of conveyance. It recites a consideration, which would be wholly unnecessary in a will; uses the formal words of a deed, "sell and convey," and clearly intended a *habendum* in the words, "to their heirs and assigns forever, to maintain and hold." It names the plaintiff in error as the "legal grantee" of the grantor. It must, then, be determined whether or not the previous paragraphs are so in conflict with the terms of the second paragraph as to destroy the effect of its language as a conveyance.

The recital at the outset is that what was to follow was the declarant's "wish and deed."

Does the next paragraph, as is contended, postpone the vesting of all interest in the property till Bouler's death?

It does not so provide, and such effect can be given it only by inference. It is not, however, a necessary inference, and since it would render the instrument ineffective for any purpose, we ought not to indulge it unless it is necessary.

It seems more consistent with the language of the second paragraph to construe the first paragraph as imposing a condition on the grant; and as this construction makes the instrument effective, while the other does not, it should be adopted. The rule is that if an instrument cannot be given effect as a will, but may be as a deed, it will be construed as such. *Thomas v. Williams*, 105 Minn. 88, 117 N. W. 55. This construction is, in this case, in accord with equity and justice, since it effects the payment of an acknowledged debt; and in a doubtful case that consideration should prevail. *Wolfe v. Helbig*, 21 Colo. 490, 43 Pac. 133; 9 Cyc. 587. It does no violence to the language of the second paragraph to hold that it passes a present interest in the property, and that is the recognized test in such cases. We hold, therefore, that the instrument is a deed, and that the court erred in sustaining the demurrers. The judgment is accordingly reversed.

Mr. JUSTICE HILL and Mr. JUSTICE GARRIGUES dissent.

Decided February 5, A. D. 1917. Rehearing denied April 2, A. D. 1917.