No. 10,815.

MOORE ET AL. *v.* BARNARD.

Decided May 5, 1924.

Action for interest in real estate. Judgment for plaintiff.

*Reversed.*

1. POWERS—*Wills—Deeds.* Where a testator devised to his wife a life estate in land, remainder to his children, with power to her to "sell the place" during her life time, it is held under the facts disclosed, that a quit claim deed by her to the children was an exercise of the power to sell.

2. *Intention to Execute—Evidence.* Where a testator devised to

his wife a life estate in land, remainder to his children, with power to her to "sell the place," circumstances surrounding the making of a quit claim deed to the remaindermen, together with an oral understanding of the parties held competent evidence as to the intention of the grantor to execute the power to sell contained in the will.

3.      *Exercise—Intention.* The purpose of a conveyance under power conferred by the terms of a will, is strong evidence of the intent to exercise the power when such exercise is necessary to effect it.

4.   WILLS—*Power to Convey Real Estate—Nonexecution.* Where under the terms of a will the devisee deeded land by quit claim, and delivered possession, it is held that the conveyance, defective only in the description of the estate conveyed, can be reformed to accord with the intent of the delivery of possession.

5.   CONTRACTS—*Performance—Statute of Frauds.* A testator devised to his wife a life estate in property, remainder to his children, with power to her to sell. Under the facts, it is held that an agreement to execute the power, relied on in good faith, could be enforced against an objecting remainderman, and an attempted conveyance under the power with delivery of possession, was such part performance as to make the agreement enforcible in equity and to take the case out of the statute of frauds.

*Error to the District Court of Montrose County, Hon. Straud M. Logan, Judge.*

Mr. MILLARD FAIRLAMB, for plaintiffs in error.

Messrs. CATLIN & CATLIN, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS case has been here before and Mrs. Barnard, defendant in error, obtained a reversal of a judgment against her. *Barnard v. Moore,* 71 Colo. 401, 207 Pac. 332. The facts appear in that opinion, and it should be read with this. We there held that the deed from Mary F. Moore to the six children was not an execution of the power in the will because it purported to convey only her right, title,

and interest which was an estate for life and did not in terms purport to be an execution of the power. After the first trial below and while the case was pending here, the widow made a deed of confirmation to the surviving five of the six children, defendants in error, reciting that her intention in the former deed was to convey the fee under the power. After the reversal the defendants answered, stating with much detail that the intention of the widow by the first deed was to convey the fee and execute the power, and that possession was delivered to the grantees, and they also set up the second deed, claiming that it was not only a deed of confirmation, but in itself a valid execution of the power.

Upon trial the defendants offered to show by the widow, who is still living, and by James A. Moore and his brothers and sister, that the children in Wiley's lifetime, to enable him to raise money on his interest to support him while sick with tuberculosis from which he died, agreed to buy the life estate, paying their mother an annuity of $475 therefor, $75 from each child, and to effectuate that and the benefit to Wiley she agreed to execute the power and convey to them the whole estate, and they agreed to buy Wiley's interest of him; that the first deed in question was then accordingly executed and possession delivered, as all believed and intended, as an execution of the power; that the annuity has thus far been paid, that $2,000 was loaned by William to Wiley on his interest which was afterwards bought by James for $5,000, and the assumption by him of Wiley's share of the annuity, all pursuant to the agreement and on the faith and belief that the power had been properly executed; that to cure the mistake in the conveyance the deed of confirmation was executed.

The court rejected all this evidence and gave judgment for plaintiff.

It will be seen at once that these facts, if they are facts, and for present purposes we must take them to be facts, alter the aspect of the case as it appeared when here before.

The defendant in error claims: (1) That a conveyance

to the six children, even if it had been made correctly, would not be a valid exercise of the power, which was to sell and divide the proceeds, not to divide the property. (2) That the first deed has not been and cannot be reformed either in equity or by deed of confirmation, because the deed of confirmation is invalid as an execution of the power, since it was made after Wiley's death, so that the object of the power, i. e., the division of the proceeds of the sale among the six children *and none other,* was no longer attainable; this deed has no validity as a deed of confirmation for the same reason; equity will never complete the nonexecution of a naked power, but only a defective execution thereof and this is no execution; intention to execute the power may not be proved by parol; the oral agreement to execute the power was null because the law requires such agreement to be in writing.

Was the conveyance to the children a valid exercise of the power to sell, supposing the original deed to be valid in other respects? We think it was, both upon reason and authority. Obviously neither the widow nor the six children can object, because, being of full age, they acted. No one else is injured. The defendant in error is just where she would have been if there had been a sale for cash to a stranger and the cash distributed. Neither by the direct conveyance to the six children was anything done that could not have been done indirectly by a sale to a stranger and a subsequent sale by him to the children and they could use the distributed money to pay him the purchase money. This seems to be the view taken by courts of high authority. The following are a few of the cases: *Prentice v. Janssen,* 79 N. Y. 478; *Sydnor v. Palmer,* 29 Wis. 226; *Smith v. Starr,* 3 Whart. (Pa.) 62, 65, 31 Am. Dec. 498; *Craig v. Leslie,* 3 Wheat. 563, 4 L. Ed. 460; *Crabtree v. Bramble,* 3 Atkyns, 680; *Stuck v. Mackey,* 4 Watts & Ser. 196; *Morse v. Hackensack Savings Bank,* 47 N. J. Eq. 279, 281, 20 Atl. 961, 12 L. R. A. 62; *Greenland v. Waddell,* 116 N. Y. 234, 22 N. E. 367, 15 Am. St. Rep. 400; *Mandlebaum*

*v. McDonell,* 29 Mich. 78, 18 Am. Rep. 61; *Hetzel v. Barber,* 69 N. Y. 1, 11.

Defendant in error claims that the agreement by the six children each to pay $75 per year to their mother during her life amounted to a retention by her of an interest in the life estate. Not so. The children had a right to give their mother what they pleased out of the proceeds.

Can the intention to execute the power be shown by oral evidence? Whether oral testimony of the parties stating their intent is competent or not, it seems certain that evidence of the circumstances of the transaction, including the oral understanding, is so. The circumstances, then, of this transaction are competent. They are also material. Wiley's condition and necessities, the donee's knowledge that he must have money, and that his brothers were going to lend him on his interest or buy it, and the agreement to carry out that plan, are convincing of her intent and purpose to enable them to do it and ought to have been admitted. The purpose of the conveyance is strong evidence of intent to exercise the power when such exercise is necessary to effect it. *Gindrat v. Gaslight Co.,* 82 Ala. 596, 2 South. 327, 60 Am. Rep. 789; *Walsh v. Hill,* 38 Cal. 481, 487; *Morffew v. S. F. Etc., R. R. Co.,* 107 Cal. 587, 40 Pac. 814, 815.

It should be noted that the present case differs from most of the cases cited in the briefs, in this, that in them the attempt is made to compel the donee of the power to exercise it or to reform his defective execution or lack of execution against his will or to reform it after his death, while in the present case he, or she, is herself desirous to complete its exercise to correct any defect in its execution and to remedy any lack of execution.

Can it be said that she is powerless to do this and that the court is powerless to grant her prayer to do it?

The strongest argument of defendant in error is that in case of nonexecution of a power, equity will not compel its execution, though it will in case of a defective execution. She claims that there was here no execution, but she is

mistaken; there was delivery of possession, no longer necessary (C. L. § 4871), but sufficient in itself, except for the statute of frauds, to pass the title if made with that intent, though by statute, C. L. § 4869, we are privileged to convey without it. There is, then, a conveyance, defective only in the description in the deed of the estate to be conveyed, and it may be reformed to accord with the intent of the delivery of possession. Farwell on Pow. (3rd Ed.) 378; *Chapman v. Gibson,* 3 Brown's Ch. 191; *Cotter v. Layer,* 2 P. Wms. 623. We see no reason why the intent of this delivery of possession as well as the intent of a writing may not be shown by proof of the circumstances under which it is done. In addition it may be said that there was an agreement to execute the power, 1 Story Eq. Jur., (14th Ed.) § 136, which was in good faith relied on and partly performed by William and James to the extent of an investment of several thousand dollars. Farwell on Pow. (3rd Ed.) 386. Such a contract may be enforced against a remainderman, *Shannon v. Bradstreet,* 1 Schoales & Lefroy's Reps. 52, and since the conveyance to the grantee would, as we have shown, be good but for the statute of frauds, the part performance makes the contract enforceable in equity.

The court, then, has power, and, if the evidence is believed, ought to reform the deed or decree the land to be the land of the grantees. Their equities are very strong while Mrs. Barnard, so far as shown, has little or none. Her father sold the interest she claims for $7,000, and what, if any, of that he did not spend she is entitled to from his estate, yet she seeks to take the land from those who enabled him to realize on it in his need.

In view of the above conclusions it seems unnecessary to express an opinion upon the validity of the deed of confirmation.

Judgment reversed and new trial granted.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.