## No. 12,599.

### Million et al. *v.* Botefur et al.
(9 P. [2d] 284)

Decided March 7, 1932.

344

Mr. W. Scott Carroll, Mr. James P. Veerkamp, for plaintiffs in error.

Mr. Ralph W. Bishop, Messrs. Chinn & Strickler, for defendants in error.

*In Department.*

Mr. Justice Moore delivered the opinion of the court.

Plaintiffs in error, certain of the heirs-at-law of Mary Botefur, deceased, brought suit against Ernest W. Botefur, W. H. Fahnstock and the Rio Grande State Bank in the district court of Rio Grande county seeking to partition land claimed to have been owned by Mary Botefur at the time of her death on March 27, 1924. The surviving heirs at law of Mary Botefur were her husband, Fritz Botefur, plaintiffs in error and Ernest W. Botefur, defendant in error. Fritz Botefur died intestate March 4, 1928, leaving him surviving as his sole heirs at law, plaintiffs in error and the defendant in error, Ernest W. Botefur.

Defendants claim that Mary Botefur was not the owner of said property in fee simple at her death and in support thereof proved the execution, acknowledgment, delivery and recording of a warranty deed dated May 11, 1923, wherein the grantor was Mary Botefur and the grantee, Ernest W. Botefur, her son. If this deed is valid, plaintiffs in error have no cause of action.

Plaintiffs in error contend that it is not a valid warranty deed but an "abortive will" because of the following provision attached to the habendum clause: "Pro-

vided, however, the said party of the first part, hereby expressly reserves to herself the use and enjoyment of said premises and the right to receive the rents, issues and profits arising therefrom, and to occupy said premises as a home, for and during the term and period of her natural life, and at her death said life estate hereby reserved in said premises, together with the fee title thereto to vest absolutely and in fee simple to the said party of the second part.''

The instrument is designated and is in the usual and customary form of a warranty deed with granting and habendum clauses. It was acknowledged, delivered to the grantee and recorded as a warranty deed. If construed as a will, it would be a nullity. It is elementary that, ''A deed will not be so construed as to render it a nullity as to any of the parties thereto, if, by any reasonable construction, such result can be avoided.'' 18 C. J. 256, §200 (3) ; *Clark v. Bouler's Estate,* 62 Colo. 465, 468, 163 Pac. 965.

It is claimed that the instrument does not convey a present interest in the property. The granting clause is unqualified, unambiguous and specific and provides that the grantor ''has granted, bargained, sold and conveyed and by these presents does grant, bargain, sell and convey and confirm.'' The grantor undoubtedly thereby expressed an intent to grant in presenti. If the proviso appearing in the habendum clause indicates a contrary intention, which we doubt, that expressed in the granting clause must control. 8 R. C. L. 1046, §100.

The apparent and reasonable construction to be applied to the terms of the proviso is that the life estate reserved to the grantor terminated upon her death leaving the fee simple title theretofore vested in the grantee, free and clear from any reserved interest.

Irrespective of the construction placed upon this proviso, the deed having been delivered, it will be sustained as a present grant of a future interest. *Trautman v. Krantz,* 63 Colo. 297, 165 Pac. 764; 18 C. J. 208, §113.

Accordingly the judgment of the trial court holding the instrument to be a valid warranty deed was right and is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BUTLER concur.