ASPEN–WESTERN CORPORATION, a Colorado corporation, Plaintiff-Appellant,

v.

The BOARD OF COUNTY COMMISSIONERS OF PITKIN COUNTY, Colorado, Defendant-Appellee,

William L. Marple, Mary A. Marple, Josephine A. Young, David M. Hyman, Bela M. Hughes, Stephen W. Keene, George Clark, Charles A. Hallam, as the last duly constituted board of directors of the Smuggler Mining Company, a corporation organized under the laws of the State of Colorado, as trustees for the stockholders and creditors of said corporation, Richard W. Stewart, as public trustee of the County of Pitkin, State of Colorado, his predecessors and successors, for the stockholders and creditors of the Smuggler Mining Company, a corporation organized under the laws of the State of Colorado, if the last acting director thereof is now deceased, and All Unknown Persons Who Claim Any Interest in Subject Matter of This Action, Defendants.

No. 81CA1140.

Colorado Court of Appeals, Div. III.

June 3, 1982.

Rehearing Denied July 8, 1982.

Certiorari Denied April 18, 1983.

Gary A. Wright, Aspen, for plaintiff-appellant.

Sandra Stuller, Aspen, for defendants-appellees.

KIRSHBAUM, Judge.

Plaintiff, Aspen-Western Corporation, (Aspen-Western) appeals the trial court's order granting the summary judgment motion of defendant, the Board of County Commissioners of Pitkin County (the Board). We affirm in part and reverse in part.

The record reveals the following relevant facts. In August 1978, Aspen-Western initiated this quiet title action pursuant to C.R.C.P. 105, alleging ownership of certain real property described as "Silver Brick Lode, U.S.M.S, 3952, excepting therefrom that portion lying within Lone Pine Lode, U.S.M.S., No. 1910, County of Pitkin, State of Colorado." The Board counterclaimed, alleging ownership of a ⅔ interest in the subject property by reason of a recorded treasurer's deed executed and delivered on July 19, 1949.

Aspen-Western's complaint alleged that it was "the owner and in possession of" the subject property. In an answer to an interrogatory propounded by the Board, Aspen-Western averred that "Aspen-Western Cor-

poration has occupied the premises since July 5, 1977 ...." The Board's answer denied that Aspen-Western owned or possessed the property. At no time has the Board affirmatively alleged possession of the subject property.

In early 1979, the Board filed a motion for summary judgment. It argued, *inter alia,* that the statute of limitations codified at § 39–12–101, C.R.S.1973, banned Aspen-Western's suit.[1] Aspen-Western also filed a motion for partial summary judgment, arguing that the statute of limitations was inapplicable and that the 1949 treasurer's deed was void on its face.

Ruling on the parties' cross-motions for summary judgment, the trial court concluded that the treasurer's deed was not void on its face; that Aspen-Western's action against the Board was barred by § 39–12–101, C.R.S.1973; and that an undivided ⅔ interest in the subject property belonged to the Board. Aspen-Western subsequently amended its complaint to include a request for partition of the property between Aspen-Western and the Board.

In early 1980, Aspen-Western filed a motion for summary judgment as to its undivided ⅓ interest in the subject property. The trial court denied the motion and entered default judgment against all remaining defendants. In February 1981, Aspen-Western renewed the motion, and the trial court then quieted title to an undivided ⅓ interest in the subject property to Aspen-Western. At Aspen-Western's request, the trial court entered an order of final judgment pursuant to C.R.C.P. 54 respecting the dispute between Aspen-Western and the Board.

## I. ACTUAL POSSESSION

Aspen-Western first asserts error in the trial court's conclusion that § 39–12–101, C.R.S.1973, a five-year statute of limita-

tions, bars its claim against the board. Aspen-Western contends in its appellate brief that the Board was not in possession of the property when the Rule 105 proceeding was commenced.

■ To qualify for the protection afforded by this five-year statute of limitations in a quiet title action, the holder of a tax deed must demonstrate actual possession of the property at the time the action is commenced. *Welsh v. Levy,* 200 Colo. 36, 612 P.2d 80 (1980), *aff'g Levy v. Welsh,* 44 Colo.App. 360, 612 P.2d 1135 (1978).

■ Summary judgment may not be granted if disputes of material fact remain unresolved. *Abrahamsen v. Mountain States Telephone and Telegraph Co.,* 177 Colo. 422, 494 P.2d 1287 (1972). Preliminarily, we note that the pleadings and other portions of the record establish that a question concerning actual possession was raised in the trial court.

■ The record here reveals that factual controversy still exists regarding whether the Board was in actual possession of the subject property at the commencement of the lawsuit. Aspen-Western has alleged and averred possession and occupancy. The Board has denied such allegation, but has made no affirmative allegation or showing that it had actual possession of the property at the commencement of this action. Because this question of actual possession remains unresolved at the trial level, the trial court erred in granting summary judgment.

## II. TAX DEED VALIDITY

■ Aspen-Western asserts that the treasurer's deed issued to the Board is void on its face because the property description is ambiguous. In particular, Aspen-Western argues that the property description— "⅔-Silver Brick Lode_____survey

---

1. The Board did not raise this statute of limitations in its Answer and Counterclaim. The only affirmative defenses raised by the Board in its Answer and Counterclaim were (1) failure to state a claim upon which relief can be granted; (2) estoppel; (3) waiver; and (4) laches. Aspen-Western has not objected to the Board's assertion of the statute of limitations defense in its motion for summary judgment. Hence, the trial court properly considered the issue on cross-motions for summary judgment. *See Lancaster v. C.F. & I. Steel Corp.,* 190 Colo. 463, 548 P.2d 914 (1976); *Cox v. Pearl Investment Co.,* 168 Colo. 67, 450 P.2d 60 (1969).

number-3952 Roaring Fork District"—does not establish whether an unidentified ⅔ area of a larger tract or an undivided ⅔ interest in the whole was conveyed to the Board. Because this issue will arise again in the determination of the applicability of § 39–12–101, C.R.S.1973, we address it here.

■ When required to construe provisions of a deed, a court must ascertain and give effect to the intention of the parties, preferably from a consideration of the deed itself. *Percifield v. Rosa,* 122 Colo. 167, 220 P.2d 546 (1950). A deed that admits of two constructions will not be construed in a manner that renders it a nullity as to any of the parties, if, by any reasonable construction, such result can be avoided. *Million v. Botefur,* 90 Colo. 343, 9 P.2d 284 (1932); *Clark v. Bouler's Estate,* 62 Colo. 465, 163 P. 965 (1917).

■ Here, the construction urged by Aspen-Western, that the Board received an unidentified ⅔ of the area of the larger tract, would render the deed void. *See Smith v. Highland Mary Mining, Milling & Power Co.,* 82 Colo. 288, 259 P. 1025 (1927); *see generally Linville v. Russell,* 168 Colo. 459, 452 P.2d 18 (1969); *Harrison v. Everett,* 135 Colo. 55, 308 P.2d 216 (1957). On the other hand, the trial court's construction—that the Board received a ⅔ interest in the whole tract—renders the deed valid and is reasonable on the face of the deed. *Cf. Williams v. Kirby Lumber Corp.* 355 S.W.2d 761 (Tex.Civ.App.1962). We conclude that the language of the deed is not patently ambiguous and permits the construction placed upon it by the trial court. In light of the rule of construction articulated in *Million v. Botefur, supra,* and *Clark v. Bouler's Estate, supra,* we find Aspen-Western's reliance upon *Dane v. Glennon,* 72 Ala. 160 (1882), to be unpersuasive.

Aspen-Western also argues that the treasurer's deed contains several provisions that indicate a lack of adherence to the applicable statutory requirements. We disagree.

■ A tax deed must be in substantial compliance with the statutory form pre-

scribed at the time of the tax sale, and a "tax deed in statutory form, containing no affirmative allegations showing that the statutes, or prerequisites to obtaining it, have not been complied with, is fair and not void on its face." *North American Realty Co. v. Brady,* 77 Colo. 56, 234 P. 1054 (1925).

Both parties agree that the treasurer's deed here is in substantial conformity with the statutory form in effect in 1949, the year of issuance of the deed. *See* 1935 Colo.Stat.Ann. ch. 142, § 257 (1949 Repl. Vol. 4A). The deed expressly provides that the property conveyed had been exposed to public sale by the county treasurer "in substantial conformity with the requirements of the statute . . ." and that "the provisions of the statutes prescribing prerequisites to obtaining tax deeds have been fully complied with . . . ." We conclude that the deed sufficiently conforms to applicable statutory requirements.

Aspen-Western finally contends, relying on § 39–11–143, C.R.S.1973, that the Board has no power or authority to hold the subject property. This argument was not presented to the trial court; therefore, we will not consider it on appeal. *First Lutheran Mission of the Knolls v. Department of Revenue,* 44 Colo.App. 417, 613 P.2d 351 (1980).

The judgment is affirmed to the extent that the trial court ruled that the Board's tax deed is not void on its face. The judgment is reversed insofar as the trial court concluded that Aspen-Western's action against the Board is barred by § 39–12–101, C.R.S.1973, and the cause is remanded for further proceedings consistent with this opinion.

STERNBERG and TURSI, JJ., concur.