Thomas Carl OKEN, Public Trustee for the County of Pitkin, State of Colorado, Plaintiff–Appellee,

v.

Oscar L. HAMMER, and American Trend Life Insurance Company, Defendants–Appellants,

and

Heartland Associates, Ltd., Metro Insurance Corporation, Metro National Bank, and Arthur J. Stegall, Defendants–Appellees.

Nos. 88CA1414, 89CA0034.

Colorado Court of Appeals, Div. II.

March 22, 1990.

Richard Y. Neiley, Jr., P.C., Eugene M. Adler, Aspen, and James A. Bagley, Snowmass Village, for defendant-appellant American Trend Life Ins. Co.

Wendell B. Porterfield, Jr., Denver, for defendants-appellees Metro Ins. Corp. and Metro Nat. Bank.

Opinion by Judge DUBOFSKY.

Defendants, Oscar L. Hammer and American Trend Life Insurance Co., appeal the summary judgment entered in favor of defendants, Metro Insurance Corp. and Metro National Bank, declaring Hammer's deed of trust to certain real property invalid *ab initio*. We reverse.

After Hammer attempted to exercise his redemption rights pursuant to a deed of trust covering the property in question, this action was commenced by the Public Trustee of Pitkin County to determine the rights of several lien holders. Metro Bank holds a Certificate of Purchase issued at a prior foreclosure sale. In this action, Metro Bank contests the validity of Hammer's deed of trust, which was executed by the prior owner of the subject property, Rosann H. Stegall.

Prior to executing the Hammer deed of trust, Stegall had conveyed, by quitclaim deed in August 1981, all interests in the subject property to "Rosann H. Stegall as Trustee of the Rosann H. Stegall Living Trust." On November 7, 1983, a "Certificate of Trust Existence and Authority" regarding the Stegall trust was recorded with the Pitkin County recorder's office.

On April 9, 1984, in consideration of payment by Hammer of $150,000 at 6 percent interest, Stegall executed the deed of trust naming Hammer as beneficiary. That deed of trust names the grantor as "Rosann H. Stegall, a single person." Stegall signed the deed of trust as "Rosann H. Stegall."

### I.

The trial court determined, as a matter of law, the identification of "Rosann H. Stegall, a single person" as the grantor of the deed of trust did not create an encum-

Oscar L. Hammer, pro se.

brance on the property in favor of Hammer. Appellants, Hammer and American Trend, argue that the trial court erred in not having an evidentiary hearing to determine Stegall's intent when the deed of trust was executed. We agree.

■ The holder of a lien to real property can redeem the property after a foreclosure if the lien is duly recorded by instrument. Section 38–39–103, C.R.S. (1982 Repl.Vol. 16A). If the lien is not properly recorded and filed, there is no right to redeem. *Thomas v. Oken*, 699 P.2d 7 (Colo.App.1984). Deeds of trust that are intended to secure payment of an obligation affecting an interest in real property are liens on property, not conveyances. Section 38–35–117, C.R.S. (1982 Repl.Vol. 6A).

■ A trust is valid even if the settlor is trustee and retains extensive control of the trust property. *In re Estate of Brenner*, 37 Colo.App. 271, 547 P.2d 938 (1976). Moreover, a revocable living trust is valid even though the settlor reserves an extensive power of control over administration of the corpus. *Exchange National Bank v. Sparkman*, 191 Colo. 534, 554 P.2d 1090 (1976).

A trustee may encumber an interest in property owned in the name of the trust. Section 38–30–166, C.R.S. (1982 Repl.Vol. 6A); § 15–1–804(2)(g)(III), C.R.S. (1987 Repl.Vol. 6B). In regard to third parties, it is presumed that a trustee or fiduciary has properly exercised her powers. Section 15–1–806, C.R.S. (1987 Repl.Vol. 6B).

If the evidence consists entirely of documents, the determination of their effect is a matter of law for the court. *Pepcol Manufacturing Co. v. Denver Union Corp.*, 687 P.2d 1310 (Colo.1984). Extrinsic evidence is admissible only if there is an ambiguity. *Radiology Professional Corp. v. Trinidad Area Health Ass'n, Inc.*, 195 Colo. 253, 577 P.2d 748 (1978). Whether ambiguity exists is a question of law for the court. *Pepcol, supra.*

It is not clear from the record, the extent, if any, of Stegall's personal non-trustee interest in the trust property. However, the name and type of trust strongly suggests Stegall had at least an interest as beneficiary in the trust property.

■ If Stegall had only a trustee interest, the deed of trust would be construed as valid without the necessity of a hearing to determine the intent of Stegall. The general rule is that if a conveyance or encumbrance document fails to reflect that the conveyor is functioning in a fiduciary or representative capacity, and that person does not have a personal or independent interest in the subject property, the document is considered as having been executed in the fiduciary or representative capacity. *Bennett v. Laws*, 59 Colo. 290, 149 P. 439 (1915). Moreover, if the grantor of a deed has the power to sell, convey, or encumber property as trustee and has no personal interest in the property, then the deed will be construed as a legitimate exercise of the trustee power even though the instrument fails to reference the trust. *Lee v. Giles*, 124 Ga. 494, 52 S.E. 806 (1905).

■ Here, however, it appears the trustee, Stegall, also had at least an interest as a beneficiary. Therefore, it is important to determine whether she was encumbering the property as trustee or only encumbering her beneficial interest, if any, or both. Whether a deed of trust is intended to exercise the trustee's power, rather than encumber a lesser interest in the property, is a question of the intent of the parties. *Moore v. Barnard*, 75 Colo. 395, 226 P. 134 (1924); *see also Suppinger v. Caplinger*, 289 Ky. 294, 158 S.W.2d 613 (1942) (after ascertaining the intent of the trustee, the court determined that the deed executed by him was sufficient, though signed by him individually); *Lord v. Roberts*, 84 N.H. 517, 153 A. 1 (1931) (in determining the grantor's intent the court determined that the mortgage constituted an exercise of a power to dispose and did not merely convey the grantor's life estate.) Therefore, evidence is properly admissible to ascertain the intent of the parties. *Moore v. Barnard, supra.*

■ If a contrary interpretation would make the instrument void or meaningless, an instrument involving property rights will be, when possible, construed as valid. *Million v. Botefur*, 90 Colo. 343, 9 P.2d 284 (1932); *see generally* Annot., 16 A.L.R.3d 951 (1955). A power to encumber property is considered properly exercised when necessary to avoid invalidating an instrument. *Bennett v. Laws, supra.*

■ Metro Bank argues that the term "single person" demonstrated that Stegall intended to encumber property in her individual capacity and not as trustee. We disagree. Generally, if a trustee has another interest in trust property, the absence of a specific reference to the person's trustee capacity or that other capacity makes the deed of trust ambiguous. The capacity in which it was signed depends on the intent of the parties at the time. *Moore v. Barnard, supra.*

Appellants suggest that the use of the term a "single person" is widely used in Arizona, where Stegall resided when the deed of trust was drawn. They claim that the document merely identifies that she is not married and, thus, there cannot be a community property right of a husband.

We note that, historically, when a conveyance was made to a married woman as trustee, her husband automatically acquired legal interest in the property. Additionally, a married woman under common law was considered incapable of administering the trust. A. Scott, Trusts § 283 (4th ed. 1987). The term "single person," therefore, may have been intended to show that Stegall was establishing her right as trustee to effectuate an encumbrance upon the subject property.

Metro Bank argues that § 38–30–166, C.R.S. (1982 Repl.Vol. 16A) requires that a lien upon trust property must be made in the name of the trust and/or with the conveyor's signature reflecting her trustee capacity. We disagree.

Section 38–30–166(2), C.R.S. (1982 Repl. Vol. 16A) provides that a trustee may record with the county clerk and recorder an affidavit setting forth the name of the trust and trustees. This affidavit constitutes prima facie evidence of the facts contained within it, including "the authority of the trustees ... who are thereby empowered to convey or otherwise act on behalf of the trust." Section 38–30–166(1), C.R.S. (1982 Repl.Vol. 16A), which provides for the ownership of property by a trust, states that upon compliance with the above-described subsection (2):

"A trust may acquire, *convey, encumber*, lease, or otherwise deal with any interest in property in the name of the trust or joint venture set forth in the affidavit as required by subsection (2)...." (emphasis added)

Stegall met the filing requirements of § 38–30–166(2) when she signed under oath and recorded the Certificate of Trust Existence and Authority. This certificate states:

"[The] trust also provides that the Trustee shall have all powers given by law and all powers which may be exercised by individuals owning property in their own right. Included in the specific powers given, by way of illustration, not by way of limitation, the power to sell, exchange, lease ... and execute contracts concerning trust property ... or otherwise deal with real estate."

Therefore, under the language of the certificate, Stegall had the authority to encumber the trust property similar to an individual owning property in her own right.

■ Furthermore, this arrangement is authorized by the language of § 38–30–166(3), C.R.S. (1982 Repl.Vol. 16A) which states in relevant part:

"Where the interest in property is held in the name of a *trust*, unless otherwise limited by the affidavit, *any one of the trustees* named in the affidavit ... *may* convey, encumber, lease, or otherwise deal with said property." (emphasis added)

If a statute is clear it must be applied as written. *Heagney v. Schneider*, 677 P.2d 446 (Colo.App.1984). Under § 38–30–166(3), there is no requirement that a conveyor of trust property either identify the trust in the conveyance document or sign the document as trustee.

■ The statute provides a method of giving notice to parties that the property is part of a trust estate and establishes, as a public record, those individuals empowered to deal with the trust property. Stegall's affidavit has ostensibly established her authority, as trustee, to convey and encumber the subject property. Thus, since § 38–30–166 does not require a trustee to convey trust property in either the trust's name or by signing as trustee, we conclude that, this statute does not invalidate the deed of trust. *See also* § 15–1–806, C.R.S. (1987 Repl.Vol. 6B).

We determine that there is an issue of fact as to which capacity Stegall signed the deed of trust. Therefore, the matter must be remanded to determine the intent of the parties.

## II.

Citing *Stemback v. Front Range Financial Corp.*, 764 P.2d 380 (Colo.App.1988), Metro Bank next argues that this appeal should be dismissed as moot because the funds deposited into the court, pending resolution of the lawsuit, have been disbursed and there is no longer the possibility of any party receiving a certificate of redemption pursuant to § 38–39–103(3), C.R.S. (1982 Repl.Vol. 16A). We disagree.

Here, the parties stipulated, as a condition of disbursing the funds held by the registry of the court, that:

"The disbursement of the above-referenced funds shall be without prejudice to Oscar L. Hammer's and/or American Trend Life Insurance Company's right to seek appellate review of the Trial Court's decision invalidating Oscar Hammer's Deed of Trust securing the $150,000.00 Promissory Note of Rosann H. Stegall, which was a subject of this action. In the event that an appeal from the Trial Court's decision is taken and a judgment is ultimately entered in favor of Oscar L. Hammer and/or American Trend Life Insurance Company regarding the validity and priority of said Deed of Trust, Metro National Bank and/or Metro Insurance Corporation shall be liable to the same

extent that liability would have existed at the time of redemption."

In asserting the mootness argument, Metro Bank failed to mention the stipulation agreement or make any argument as to why it is invalid. In light of this stipulation, the doctrine of equitable estoppel precludes Metro Bank from asserting the mootness argument. *See Ralston Oil & Gas Co. v. July Corp.*, 719 P.2d 334 (Colo. App.1985).

■ We further determine, as a matter of law, that appellants have validly preserved their right to appeal. Since release of the funds was not a part of a *final* compromise of the claims between the parties, and there was not an agreement precluding appeal, the initial satisfaction of the judgment does not prohibit this appeal. *See Walter E. Heller Western, Inc. v. Tecrim Corp.*, 196 Cal.App.3d 149, 241 Cal. Rptr. 677 (1987). To the contrary, here, the stipulation contemplates an appeal and the right of Hammer to obtain payment from Metro Bank if he is ultimately successful.

## III.

Metro Bank argues that Hammer is not a proper party to this appeal. We disagree.

■ For the first time, on appeal, Metro Bank contends that the assignment made by Hammer to American Trend extinguished all of Hammer's interests, and that, therefore, Hammer is not a proper party under C.R.C.P. 17(a). Hammer argues that since there was only a partial assignment of his interest in the subject matter he is a proper party to the appeal.

Since Metro Bank has failed to submit proof of its allegation that Hammer's entire interest is extinguished, we conclude its argument must fail. *George v. Dower*, 125 Colo. 45, 240 P.2d 897 (1951). Moreover, even if Hammer made a complete assignment of the deed of trust, the disposition of this action may impair other rights and interests of Hammer and on this basis, he is an interested party. C.R.C.P. 24(a)(2); *O'Hara Group Denver, Ltd. v. Marcor*

*Housing Systems, Inc.,* 197 Colo. 530, 595 P.2d 679 (1979).

IV.

Appellants argue that the trial court erred in not granting their motion for partial summary judgment regarding the validity of the submission agreement.

Questions not passed upon by the trial court cannot be considered by the reviewing court. *Friedrichs v. Midland Savings & Loan Co.,* 94 Colo. 563, 31 P.2d 493 (1934).

The trial court did not render a decision on appellants' summary judgment motion, believing the argument to be moot. Therefore, absent a decision by the trial court, the issue of the validity of the submission agreement is not properly before us. This issue is a matter for determination on remand.

As regards the challenge to the attorney fees awarded Metro Bank, since we reverse the trial court's decision regarding the validity of the deed of trust, we also reverse the award of attorney fees.

The summary judgment is reversed and the cause is remanded for further proceedings.

SMITH and MARQUEZ, JJ., concur.