## DENVER & R. G. R'Y CO. v. SCHMITT.

1. In an action for damages to abutting property by reason of the construction, operation and maintenance of a railway through the street, plaintiff's husband testified as to the value of the property, and that after the construction of the railway it would not sell at all, and that the rental value had decreased. *Held*, that a question on cross-examination as to what he paid for the premises in 1874 was irrelevant, and plaintiff's objection thereto was properly sustained.

2. Where the record shows that an objection to a question put to a witness on cross-examination was afterwards withdrawn, the witness

permitted to fully answer the question, and the trial court made no ruling thereon, there is no error.

3. Upon the trial of an action for damages to abutting property against a railway company, defendants requested an instruction that, in determining the damages, the jury may consider the nature of the property, and the tendency to great fluctuations in value in the community, and that it must appear that the construction of defendant's track had been the sole cause of the depreciation, etc. *Held* erroneous, as excluding from the consideration of the jury the effect of the operation and maintenance of the railway, and the trial court properly modified such instruction in that particular.

### *Appeal from District Court of Arapahoe County.*

ACTION by Mina Schmitt against the Denver & Rio Grande Railway Company for damages to plaintiff's premises, occasioned by the construction, operation and maintenance of defendant's railway. Judgment for plaintiff. Defendant appeals.

Mr. EDW. O. WOLCOTT, for appellant.

Messrs. BROWNE and PUTNAM, for appellee.

STALLCUP, C. Appellant brings this case here to reverse a judgment of $400 recovered against it for damages to the premises of appellee abutting on Wewatta street, in the city of Denver, occasioned by the construction, operation and maintenance of appellant's railway upon said street. The same questions are presented in this case that were presented in the case of *Railway Co. v. Bourne, post,* p. 59 (in which the opinion and decision have just been filed), except that there are three additional questions presented and argued upon the record in this case which were not in that case.

1. Appellee's witness Schmitt was asked by appellant, on cross-examination, what he paid for the premises in 1874, and the court sustained appellee's objection thereto. It appears that the witness was the husband of appellee; that they had bought the premises in 1874, before they were improved; that they had improved them by build-

ing a frame and a brick house upon them, and had occupied one as a residence, and rented the other; that the improvements were worth about $5,000, and the witness thought the lots and improvements were worth about ten or twelve thousand dollars before the railways were put in the street,— afterwards could not sell at all,— no market; that the rental value decreased by reason of the railways in the street.    The price paid for the lots in 1874 could certainly have no legitimate bearing upon the witness' testimony in chief, nor upon any question in the case.

2. Appellant's witness Ewing was asked by appellant whether the market value of property on Wewatta street had been increased or decreased by the construction of the railways thereon, and it is assigned and argued here as error that the court sustained the objection of appellee ,thereto; but the record shows that the objection was withdrawn; that the court made no ruling thereon; that the witness fully answered the question, as well as all others asked of him; and that no other objection at all was made to the questions asked the witness.

3. Appellant requested the following instruction: "The court is requested to instruct the jury that, in determining the question of the damages to plaintiff's property, they may consider the nature of the property and the tendency to great fluctuations in values in this community; and, if it should appear that plaintiff's property is depreciated in value, it must also appear to their satisfaction that the construction of defendant's track has been the sole cause of such depreciation, and, unless this be proved to their satisfaction, then their verdict should be for the defendant."    Given by the court, modified and enlarged as follows: " The court instructs the jury that, in determining the question of damages to plaintiff's property, they must consider the nature of the property and the tendency to fluctuations in value of such property in this community; and, if it should appear that

plaintiff's property is depreciated in value, it must also appear to their satisfaction that the construction of defendant's track and the maintenance and operation of its railroad has been the cause of such depreciation, and, unless this be proved to their satisfaction, then their verdict should be for the defendant. By which the court means that you cannot, in your verdict, justly assess any damages against defendant which have resulted to plaintiff's said property from any other cause than from the construction, maintenance or operation of defendant's own railroad; and that, if you find there is no depreciation in the market value of said property from such sole cause, then your verdict should be for defendant." The instruction as requested was fatally defective in excluding from the consideration of the jury the effect of the operation and maintenance of the railway upon the street. There was no error in the instruction as given.

It follows that the decision in the case of *Railway Co. v. Bourne* is decisive of this case, and for the reasons there stated the judgment in this case should be affirmed.

We concur: DE FRANCE, C.; RISING, C.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment is affirmed.

*Affirmed.*