## SEPTEMBER TERM, 1894.

### MERCHANTS' STATE BANK v. PORTER.

QUIETING TITLE—POSSESSION.

The possession of a tenant is the possession of his landlord, and is sufficient to enable the latter to maintain an action to quiet title, notwithstanding the tenant may, without his knowledge or consent, have paid rent to the party claiming adversely.

*Appeal from the District Court of Prowers County.*

ACTION to quiet title to real property.

Mr. O. G. HESS, for appellant.

No appearance for appellee.

PER CURIAM.    But one question is raised in this court, viz : Did the plaintiff have such possession of the property as will enable her to maintain this action ?

The undisputed evidence shows that at one time she was the owner in possession of the property, and that while such owner she employed the witness Himes as her agent, to rent the property, collect and transmit the rent to her, less his commissions.    Himes, as such agent, rented the property to Frank Holmes.    Holmes took possession under his lease and for a time paid the rent as agreed.

Appellant having in the meantime purchased the property at sheriff's sale after the lapse of the statutory time for redemption, obtained a sheriff's deed to the same, served notice upon Himes of its title, and demanded payment of rent from the tenant.    In pursuance to this demand the rent was paid to appellant for some months, apparently with the acquiescence of Himes, but as soon as his principal was notified of

this she protested and notified her agent to this effect, and that there would be a suit between her and The Merchants' State Bank " to settle this matter as to the ownership and title of this property."

As we have stated, Holmes was appellee's tenant and put in possession by her agent. His possession was the possession of plaintiff. She never consented to the rent being paid to appellant, or acknowledged in any way the title it set up to the property. The district court upon issues joined found for the plaintiff and quieted the title in her, no evidence being offered to show that the title had ever passed from her. Under these circumstances her possession of the property is sufficiently shown to enable her to maintain this action. Civil Code, sec. 255. The judgment is accordingly affirmed.