[No. 6032.]

LITCH ET AL. V. BRYANT.

1. **Quieting Title—Answer**—An answer which merely denies the plaintiff's title is insufficient.—(160)

2. **Cross-complaint**—A cross-complaint which shows by averment that defendants are the owners in fee and entitled to possession, and that plaintiff is claiming under a void tax title, is a sufficient defense, as against a general demurrer, and entitles the defendant to affirmative relief.—(162)

3. **Tax Title—Limitations**—The saving clause in the revenue acts of 1901, 1902 (Laws 1901, 241, 356; Laws 1902, 43, 159) preserves to those entitled thereto the protection of the limitation in the former statute (Sec. 3904, Mills' Ann. Stats.), notwithstanding its repeal.—(163)

4. **Statute of Limitations—Pleading in Reply**—In an action to quiet title by a plaintiff in possession claiming under a tax deed, valid on its face, the plaintiff in the replication may plead the statute of limitations (Sec. 3904, Mills' Stats.), to a cross-complaint for the recovery of the land.—(162)

*Appeal from Logan District Court*—Hon. E. E. ARMOUR, Judge.

Mr. QUITMAN BROWN, for appellant.

Messrs. MUNSON & MUNSON, for appellee.

Mr. JUSTICE MUSSER delivered the opinion of the court:

The appellee brought this action on the 6th day of March, 1905, to quiet her title to certain lots in the town of Atwood. The complaint was in the usual form. The amended answer of the defendants, who are appellants here, consisted of two parts. The first was a denial of the ownership of the plaintiff. As each defense must be complete in itself, this was insufficient as a defense in such an action.—*Mitchell v. Knott*, 43 Colo. 135, 139.

The second part was what the defendants called a cross-complaint. In this cross-complaint it is alleged that defendants, in different interests, are the

owners in fee of the premises; that plaintiff claims title by virtue of a tax deed to one Stratton, executed and delivered in September, 1899, and a quit-claim deed from Stratton to her; that for various reasons as set forth in the cross-complaint, the tax sale was void and the tax deed issued in pursuance of the sale was also void, though it is not alleged that the deed was void on its face, and the facts alleged, which would avoid the sale, are without the deed; that the tax deed and the quit-claim deed constitute a cloud upon defendant's title. The possession of the plaintiff is not denied, and the facts as alleged make it appear that the plaintiff is in possession under a void title, and that the defendants are entitled to the possession. Defendants pray that the tax deed and plaintiff's quit-claim deed be set aside; that title be quieted in defendants as their interests may appear, and for general relief. This cross-complaint states facts sufficient, as against general demurrer, to constitute a defense to plaintiff's action.—*McCroskey v. Mills,* 32 Colo. 271.

It is the only sufficient defense pleaded. But it is more than a defense. It appears, from the pleading, that defendants are the owners in fee and that plaintiff is in possession under an adverse title that is void, which would make her possession wrongful. Defendants pray for affirmative relief. If a court would grant the specific affirmative relief prayed for, it would necessarily award the possession to defendants under their prayer for general relief. It follows, therefore, that this pleading is, in fact, what it purports to be in name, a cross-complaint, and the action is for the recovery of land sold for taxes. Whether such a pleading, if attacked, is proper, or whether it is necessary, in such a case, need not be considered, for the plaintiff did not object to it. She filed a reply, consisting of admissions and denials,

and alleging that the plaintiff and her grantor were in possession of said premises from the time the tax deed was executed, paid all taxes thereon and placed improvements thereon of the value of $1,-000.00. The plaintiff, in her reply, further alleged that the action of the defendants was barred by the statute of limitations. The plea of the statute was not attacked by defendants, by motion, as being a plea that could not be made under the circumstances, nor do we intimate that it could not have been made if so attacked. The defendants demurred to the plea on the ground that it was insufficient, and that it did not state facts sufficient to constitute a defense. For some reason, this demurrer to the plea contained in the reply to the amended cross-complaint, was not passed upon by the court, though a demurrer to a similar plea contained in the reply to the original cross-complaint was overruled. The plea of the statute as made would not be sufficient when the bar of the statute is not apparent on the face of the complaint. In this instance, however, it is apparent on the face of the cross-complaint that the tax deed is valid on its face, and that more than five years intervened between the execution and delivery of the tax deed and the commencement of the action by plaintiff.—Sec. 3904, Mills' Ann. Stats. For this reason the plea as made, though not in approved form, is sufficient.—*Lilly v. Farmers Nat'l Bank,* 56 S. W. 722.

The action was tried upon these pleadings, and, treating the case as made by the parties, it is apparent from the evidence and from the cross-complaint which was the only sufficient pleading of the defendants, that the action (cross-action) of defendants is barred by sec. 3904, *supra,* which provides that no action for the recovery of land sold for taxes shall lie unless the same be brought within five

years after the execution and delivery of the tax deed. It may be said that the revenue acts of 1901 and 1902, though containing identical sections of limitation, repealed sec. 3904, and the new statutes began to run from the time of their passage. If such a contention could be maintained in the absence of a saving clause in the new statute, it is a sufficient answer to say that the saving clauses in the acts of 1901 and 1902 preserved the running of sec. 3904 for the benefit of the holder of the tax title involved in this case. The judgment will, therefore, be affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.