[No. 5745.]

## THE AMERICAN BOND AND INVESTMENT COMPANY v. HOPKINS.

1. **Affidavit—Requisites**—What purported to be a certificate of Cramer, county treasurer, bore the signature of another person, and was followed by a certificate of the county clerk that it was "Subscribed and sworn to before me by the above named Marion F. Cramer, by his deputy," etc. Doubted whether, in view of the difficulty of determining by whom the oath was made, it was an affidavit at all.—(463)

2. **Tax Sale—Proof of Notice**—The affidavit required by sec. 3885 Mills' Stat. must be sufficiently specific to show with reasonable certainty that the requirements of the statute have been complied with. An affidavit of the treasurer stating that he has "caused a tax sale of real property to be published" in a newspaper specified, "for four weeks" and "posted a printed notice thereof in a conspicuous place," etc., "as provided by law," not showing what tax sale is referred to, or what the notice contained, what property was described in it, or when the sale was to be held, or whether at public auction or otherwise, is not a compliance with the statute, and is wholly insufficient to support a tax sale. A deed based thereon is void.—(463-464)

3. **Quieting Title—Plaintiff's Possession**—Defendant having obtained possession of the premises by colluding with plaintiff's tenants, the transaction was held to be a fraud in law, and futile to interrupt plaintiff's possession.—(464, 465)

4. **Landlord and Tenant**—Possession, obtained by collusion with tenant, is a fraud upon the landlord. In point of law the possession remains in him.—(465)

5. **Pleadings—Ambiguity**—Objections to a complaint for uncertainty and ambiguity should be availed of by demurrer or motion. The question is not to be raised by an objection to testimony.—(464)

*Appeal from Teller District Court* — Hon. WILLIAM P. SEEDS, Judge.

Messrs. VANNATTA, BOATRIGHT & DOLPH, Messrs. SCHUYLER & SCHUYLER, and Mr. ROBERT S. ELLISON, for appellants.

Mr. TULLY SCOTT, and Mr. G. P. NEVITT, for appellee.

Mr. JUSTICE MUSSER delivered the opinion of the court:

Appellee brought this action to cancel a tax deed to a lot in Cripple Creek, Teller county. While the complaint contains more allegations than are necessary, no objections were made to it and the action may be treated as in form one to quiet title. The questions to be determined are:

First: Is the tax deed void?

Second: Was the possession of the plaintiff alleged in the complaint and proven by the testimony?

The law applicable to this sale is found in 2 Mills' Ann. Stats. Sec. 3882 provides that the treasurer shall make out a list of all lands and town lots subject to sale, "with an accompanying notice stating that so much of each tract of land or town lot described in said list, as may be necessary for that purpose, will, on a day specified thereafter and the next succeeding days, be sold by him at public auction at the county treasurer's office for the taxes and charges thereon and taxes and charges assessed against the owner thereof for personal property," and prescribes that the notice may be in the form set out in the section. Sec. 3883 provides that the treasurer shall give notice of the sale by the publication thereof in a newspaper, and by a written or printed notice posted as provided in that section. Sec. 3884 provides for an affidavit of the printer, that the *list* and *notice* have been published in a paper as required, and sec. 3885 provides that "the county treasurer shall also make, or cause to be made, an affidavit of the posting of such *list* and *notice* as above required, all of which affidavits shall be deposited by him with the county clerk, to be there carefully preserved." The absence of an affidavit, or a sufficient one, is *prima facie* proof that the requisite notice of sale had not been posted, and that

therefore the tax deed is invalid.—*Bertha Gold M. & M. Co. v. Burr,* 31 Colo. 264. The only alleged affidavit relating to the posting of a list or notice in this case, found in the clerk's office, was as follows:

"Office of the County Treasurer, Teller County, Colorado.

"Cripple Creek, Colorado.

"Treasurer's Affidavit.

"I, Marion F. Cramer, County Treasurer in and for the County of Teller, State of Colorado, do hereby certify that I have caused a tax sale notice of real property to be published in a daily newspaper, known as 'The Cripple Creek Star,' once a week for not less than four weeks before the day of sale, and further certify that I have posted a printed notice thereof in a conspicuous place near the outer door of the office commonly used as the office of the County Treasurer, for not less than four weeks before the sale, as provided by law, and that the sale was held at the time and place designated in said notice.

"GUS TROLICHT.

"STATE OF COLORADO, ⎱ ss.
  COUNTY OF TELLER, ⎰

"The above certificate of publication and posting of the printed notice of a tax sale was subscribed and sworn to before me by the above named, Marion F. Cramer, by his deputy, Gus Trolicht, who is personally known to me to be the identical person described therein, on the 17th day of December, A. D. 1900.          F. P. MANNIX, County Clerk. (Official Seal.)

"By W. CARRUTHERS, Deputy."

While no form is prescribed by the statute for the affidavit of posting, it is evident that the affidavit must be sufficiently certain and specific to reasonably

show that, in fact, the requirements of the statute, relative to the contents of the notice, have been substantially complied with, and that the notice posted referred to some particular sale. It is also evident that the statute contemplates the posting of, not only the notice, but also a list of the property subject to sale, as prescribed in sec. 3882; for sec. 3885 says the affidavit must be an affidavit of the posting of such list and notice. An affidavit of the posting of a list cannot be truthfully made, unless a list is posted, and "such list and notice," refers to the list and notice provided for in sec. 3882.

It is very doubtful if the foregoing affidavit is an affidavit at all, for it is difficult to tell who made it. Waiving that feature, however, and assuming that it is an affidavit, of what is it an affidavit? It is entirely silent about posting such list as prescribed in sec. 3882. It says a notice of a tax sale was posted. That may be true, and yet the notice posted might not substantially contain any of the statements required by sec. 3882, or some of the statements in the notice might not truthfully refer to statements required concerning the particular sale, and thus be no notice in law. It is true the affidavit contains the words "as provided by law," but that is a conclusion of the affiant, which cannot be allowed in an affidavit as a substitute for facts.—*Morris & Thombs v. St. Louis N. Bk.,* 17 Colo. 231. What tax sale does it refer to? When and where, if at all, did the notice state the sale was to be held, and what property was to be sold, and how—at public auction or otherwise? The affidavit does not mention any of those things, nor does it refer to a list and notice attached, or in any way refer to a list or notice whereby the facts may be ascertained. It does not, in any manner, with reasonable certainty or otherwise, connect the sale therein referred to, to the sale upon which the

tax deed under consideration was based. It is not necessary to further dissect this affidavit. It is wholly insufficient to prove anything, with any degree of certainty, and as it fails to prove that a list and notice of this sale was posted containing the matters required by statute, and it appears that this was the only affidavit filed, it must be taken that no list and notice were posted, and that the tax sale, and the deed based thereon were and are invalid.

The allegations of the complaint, relative to the possession of the plaintiff, at the time of the commencement of the action, are not as they should be. They are uncertain and ambiguous. Looking at them one way a present and past possession is alleged and in another way only a past possession. The question ought to have been raised before answering, by demurrer on the ground of ambiguity and uncertainty, or by motion to make more certain. It was first raised in an objection to some testimony of the plaintiff offered in rebuttal. The ambiguity and uncertainty of pleading cannot be raised in that way.

The plaintiff failed to prove her possession, it having been denied and the possession of the defendant set up in the answer. At the close of plaintiff's case, a motion for a nonsuit was made on the ground, among others, of such failure. This motion was overruled. The defendant then introduced testimony, which, it contends, proves that it was in possession at the time of the commencement of the action. On the contrary, the testimony introduced proves that the plaintiff was in possession, and remedies her omission to prove that fact. The testimony introduced, after plaintiff rested, shows that shortly after the issuance of the tax deed, the president of the defendant called upon the tenant of the plaintiff, who was occupying the premises at $15.00 a month, and persuaded the tenant to pay him the rent, which

was reduced to $10.00 a month and a bond was given to the tenant to protect him in such payment. The tenant remained in the premises for some time, paying this reduced rent to the president of the defendant. The tenant then moved out and delivered the key of the premises and his possession to the president. A few days after, and shortly before the commencement of this action, the president installed another tenant in the premises at $15.00 a month, and this tenant was occupying the premises at the commencement of the action. The plaintiff never consented to this. The defendant claims that this possession was its possession. When the plaintiff's tenant paid the rent to the defendant's agent, and delivered the key and the possession to that agent, without the consent of the plaintiff, expressed or implied, the tenant willfully violated his agreement with the plaintiff to pay her the rent, and to surrender the premises to her at the end of the term, and the defendant willfully induced the tenant to thus violate his agreement. The whole transaction was a fraud upon the rights of the plaintiff, corrupt in principle and futile in law to divest the plaintiff of the possession.—*Morgan v. Ballard,* 1 A. K. Marsh (Ky.) 558; *Hardin v. Forsythe,* 99 Ill. 312 at 320; *Kepley v. Scully,* 185 Ill. 52.

Plaintiff's tenant could deliver only such possession as he had, and that was plaintiff's possession. This is the only possession that defendant received or could transmit to the tenant which it put in possession.—*Merchants' St. Bk. v. Porter,* 20 Colo. 216.

The questions to be determined in this case having been determined in favor of the plaintiff, the judgment will be affirmed.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.