No. 9750.

GIBSON v. THE INTERIOR REALTY AND INVESTMENT CO.

Decided March 7, 1921.

Action to quiet title. Judgment for plaintiff.

*Reversed.*

1. REAL PROPERTY—*Action to Quiet Title—Tax Deed—Possession.* An action to quiet title under sec. 274 of the code, cannot be maintained by one who claims vacant and unoccupied land under a tax deed.

Whether such an action could be maintained if the five year statute of limitations had run in favor of the deed, not decided.

*Error to the District Court of Alamosa County, Hon. J. C. Wiley, Judge.*

Mr. JOHN F. MAIL, for plaintiff in error.

Messrs. FILLIUS, FILLIUS & WINTERS, Mr. GEORGE M. CORLETT, for defendant in error.

MR. JUSTICE BAILEY delivered the opinion of the court.

SUIT by The Interior Realty and Investment Company against Charles E. Gibson to quiet title to certain real property under section 274 of the Code. Judgment was for the company. Gibson assigns error, and brings the cause here for review.

The complaint alleged that plaintiff is the owner and in possession of the land involved. It set out the adverse claim of defendant and prayed that the title be quieted. The answer admits that defendant claims an interest, and alleges it to be ownership in fee. No replication was filed, neither did defendant ask affirmative relief.

Plaintiff claims under a tax deed, recorded on July 1, 1918. It is urged that such deed is irregular in several respects not appearing on its face, but in deciding the case it is unnecessary to consider or determine the validity of this deed, as it is stipulated that the land is vacant and un-

occupied. Under such conditions the case is ruled by *Morris and Thombs v. St. Louis National Bank,* 17 Colo. 231, 29 Pac. 802. There this court, in discussing the question of whether constructive possession follows a tax deed, said, at page 239:

"Furthermore, while the statute provides that a tax deed properly executed and recorded, *prima facie,* conveys the title, it nowhere provides that such deed shall give the purchaser possession of the property conveyed. It certainly does not give him an actual adverse possession such as would compel the original owner to resort to an action in the nature of ejectment to recover possession of the premises. On the contrary, the original owner being in possession by virtue of a perfect legal title, such possession is to be deemed sufficient for purposes of remedy and to continue until interrupted by an *actual* entry and *adverse* possession taken by another. (Citing authorities.)"

Also the following cases from this jurisdiction announce and approve this rule, and this, too, whether such deed is fair on its face, or otherwise: *Muntzing v. Harwood,* 25 Colo. App. 292, 137 Pac. 71; *Phillippi v. Leet,* 19 Colo. 246, 35 Pac. 540; *Mitchell v. Titus,* 33 Colo. 385, 80 Pac. 1042; *Keener v. Wilkinson,* 33 Colo. 445, 80 Pac. 1043; *Empire Co. v. Bender,* 49 Colo. 522, 113 Pac. 494; *Lambert v. Murray,* 52 Colo. 156, 120 Pac. 415; *Empire Co. v. Lanning,* 53 Colo. 156, 124 Pac. 579.

In *Chilcott v. Hart,* 23 Colo. (45 Pac. 391) at page 45, this court declared:

"To give jurisdiction of any action fairly embraced within this section (274 of the Code), the plaintiff must be in possession, actual or constructive."

Plaintiff was not in actual possession, as it put flatly into the record the fact that the land is vacant and unoccupied, nor was it in constructive possession, as under our decisions constructive possession follows the legal title, so when plaintiff's proof was in, it had thereby put itself out of court, and instead of a decree quieting title there should have been a judgment of dismissal.

Plaintiff seems to claim some special right or favor under the provisions applying to land in an irrigating district taken under tax deed, Chapter 109, Session laws of 1915, page 317. Under the facts of this case the rights of plaintiff are wholly unaffected by this provision. There is nothing therein which, in any event or at all, gives the holder of a tax deed to land so located any enlarged or other or different rights or remedies in a suit to quiet title under a tax deed than obtain generally. The purport and effect of the provision is merely to limit the rights of the fee holder as to the circumstances and conditions under which he may make a defense. Since, however, in this case the defendant seeks no affirmative relief whatever this provision has no application, either as affecting the rights of plaintiff or defendant. All the defendant urges is that plaintiff be not allowed a decree which it has by its proof shown itself not to be entitled. Had Gibson not appeared at all it would have devolved upon the court to have permitted plaintiff to take nothing except that which under the law it had a right to take.

Plaintiff, claiming under a tax deed recorded July 1, 1918, seeks to quiet title to vacant and unoccupied land, an action which, under all of our decisions, cannot be maintained. If the five year statute of limitation had run in favor of the deed a different question would be here for decision.

Judgment reversed and cause remanded, with directions to the trial court to dismiss it.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BURKE, concur.