## No. 10,313.

### BENNETT *v.* ROHAN.

Decided July. 2, 1923.

Action to quiet title.   Judgment for plaintiff.

*Affirmed.*

1. QUIETING TITLE—*Tax Deed—Possession.* A tax title against which no defect is charged will, in a suit to quiet title, support the presumption of possession of unoccupied land.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Messrs. ALLEN & WEBSTER, for plaintiff in error.

Mr. JOSHUA GROZIER, for defendant in error.

Mr. JOHN F. MAIL, Amicus Curiae.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

MARGARET ROHAN, plaintiff below, obtained a decree quieting her title to certain lots.   Lucy B. Bennett, et al., defendants below, have sued out a writ of error.

The complaint alleged title in fee and possession in plaintiff; the answer denied both and set up a tax title in defendant Bennett.   The replication denied the title in Bennett and alleged facts to show her tax deed to be void.

Upon trial to the court the plaintiff proved a tax deed with preliminaries to one Taylor and mesne conveyance

to her, and rested. The defendant then also rested and both sides moved for judgment.

The defendant claims that the judgment for plaintiff was erroneous because no actual possession of the lots by plaintiff was shown, and she seeks to avoid the rule that for the purposes of a suit to quiet title possession of unoccupied land is presumed to be in the owner in fee, by the claim that that rule does not apply to ownership by tax title. The trial judge was of the opinion, however, that where the tax title was perfect it constitutes a title in fee as well as any other, that under the conditions shown in the record he had to consider ·the tax title on which plaintiff relied as perfect, and that consequently she had constructive possession of the lots and so could maintain the suit.

The question then is whether a tax title against which no defect is charged will, in a suit to quiet title, support the presumption of possession of unoccupied land.

*Gibson v. Interior, etc., Co.,* 70 Colo. 5, 201 Pac. 680, seems to sustain plaintiff in error's contention, but we think the cases cited there do not support it, and think it is inconsistent with previous cases in this court.

*Morris, et al. v. St. L. Nat. Bank,* 17 Colo. 231, 29 Pac. 802, is the principal case on which *Gibson v. Interior, etc., Co.,* relies, but it only apparently sustains it. No such question as the present was in the case nor does any dictum therein touch it. It holds that in a suit by the original owner of the fee to remove the cloud of a tax deed, the defendant, not in actual possession, cannot rest on the statute of limitations, (Mills' Ann. St., § 3904. "No action for the recovery of land sold for taxes shall lie, etc.,") because the action is not for the recovery of land and the fiction of constructive possession based on the prima facie presumption of the validity of a tax deed was not available to make it such. The quotation from that case in *Gibson v. Interior, etc., Co.* considered in this light, seems to go against rather than with the theory of the latter case. It should be observed that this court in *Morris v. Bank,* re-

jected the fiction of constructive possession because it was invoked, not as in *Gibson v. Interior, etc., Co.*, and here, to support an *action in court*, where it is beneficent, but to maintain a title under the statute of limitations. One is remedial the other substantive. It is well to resort to fiction to enable a plaintiff conveniently to try the merits of his case, but dangerous to resort to it to give him a substantive right. The question in *Morris v. Bank*, then, is only apparently, not really analogous to that in *Gibson v. Interior, etc., Co.* It is convenient and greatly favors justice in a country which contains so much vacant land as Colorado to permit suits to quiet title by owners not in actual possession; the fiction that possession is in the owner is a handy way to reach this end and so ought to be sustained by the courts, but to carry the fiction of constructive possession to the extent of maintaining rights under the statute of limitations would at best be but a nullity, because it would give the benefit of the statute to him only who had a good title without it, and at its worst would give that benefit to one of whose rights his opponent had had no notice by his possession.

In *Phillippi v. Leet*, 19 Colo. 246, 253, 35 Pac. 540 the rule is stated that "the law presumes the *true owner* to be in possession." The holder of a perfect tax title is the true owner. This case, then, cited in *Gibson v. Interior, etc., Co.*, supports the contrary rule. *Mitchell v. Titus*, 33 Colo. 385, 80 Pac. 1042, is like *Morris v. Bank*. See the comments of Mr. Justice Campbell on this case in *Halbouer v. Cuenin*, 45 Colo. 512, 521, 101 Pac. 763, and on *Morris v. Bank*, in *Williams v. Conroy*, 35 Colo. at page 121, 83 Pac. 959. *Keener v. Wilkinson*, 33 Colo. 445, 80 Pac. 1043, cited in the Gibson case is not in point. So of *Empire Co. v. Bender*, 49 Colo. 522, 113 Pac. 494; *Lambert v. Murray*, 52 Colo. 156, 120 Pac. 415; *Empire Co. v. Lanning*, 53 Colo. 151, 124 Pac. 579; *Muntzing v. Harwood*, 25 Colo. App. 292, 137 Pac. 71. *Lambert v. Murray* merely refers to *Morris v. Bank* but holds nothing on the point mentioned and does not notice *Williams v. Conroy*.

All these cases, however, maintain the proposition that constructive possession follows the ownership in fee or the true ownership or the legal title, in each and every of which categories (they are all practically one) the owner of a perfect tax title stands.

*Gibson v. Interior, etc., Co.* overlooks *Williams v. Conroy,* 35 Colo. 118, 124, 83 Pac. 959; *Halbouer v. Cuenin,* 45 Colo. 507, 511, 101 Pac. 763,—and *Wood v. McCombe,* 37 Colo. 174, 182, 86 Pac. 319, 119 Am. St. Rep. 269.

Perhaps we may suggest that we do not think that the privilege of bringing suit to quiet title to vacant land is of such vital importance to a tax title holder as some of counsel seem to think, because he may, it would seem, under the same circumstances, bring the code action of ejectment, whereupon the defendant must either disclaim or admit his possession. Code, C. L. 1921, § 296.

Judgment affirmed.

MR. CHIEF JUSTICE TELLER, MR. JUSTICE SHEAFOR and MR. JUSTICE BURKE, dissent.