No. 16,143.

VOGT *v.* HANSEN.
(225 P. [2d] 1040)

Decided December 11, 1950.

Messrs. CHUTKOW & ATLER, Mr. NATHAN LEE BAUM, for plaintiff in error.

Mr. JOHN G. REID, Mr. PERCY S. MORRIS, for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

THE essential facts in this case are not in dispute. Pursuant to default in payment of taxes for the years 1935 and 1936, the property here involved was stricken off to the county December 13, 1937. Treasurer's deed was issued thereunder to defendant in error Hansen, as assignee, March 31, 1941, and recorded April 10, 1941. Hansen testified without contradiction that he had been in possession of the property since the date of his deed, and the trial court so found. More than five years after recording of the tax deed, Vogt obtained quitclaim deed to the property from patent title owners thereof, and February 13, 1947, instituted this action, alleging ownership of the lands thereunder, and the assertion of some right or title therein by Hansen and other defendants; and asking that they be required to set up their claims; that plaintiff be decreed to be the owner, and that whatever claims defendants had be canceled as a cloud upon

his title. To this complaint Hansen filed answer and counterclaim, asserting title by virtue of his tax deed, pleading the five-year statute of limitations, and praying that his title be quieted against any claim of plaintiff. By answer to the counterclaim, Vogt set up the alleged invalidity of the tax deed, due to matters not appearing on its face, and challenged the statute of limitations on the ground that the action was not brought for possession, but to remove a cloud. The trial court held the statute a good defense and found in favor of defendant.

It first is contended that the county treasurer had no authority to sell the lands involved for the taxes for the years 1935 and 1936, upon which sales defendant's treasurer's deed is based, for the reason that on December 15, 1915, "the mineral reserve on" said lands was offered for sale for delinquent taxes thereon for the year 1914 and struck off to Lincoln county; that payment of subsequent taxes on said mineral reserve had been duly endorsed on said certificate; that with such certificate outstanding and subsequent taxes endorsed as paid, the county treasurer had no statutory or legal right to sell said lands for default in payment of taxes for 1935 and 1936, and that the five-year statute does not apply in the case of a treasurer's deed in the issuance of which the county treasurer was entirely without jurisdiction.

■ ■ Whether the five-year statute is a defense where there is a total lack of jurisdiction need not now be determined. The cases seem to be in conflict in other jurisdictions. Plaintiff in his complaint alleges title "subject to mineral reservations in favor of the Union Pacific Land Company." It does not appear what reservations exist or that he claimed any title to the mineral reserve. If not, the validity of defendant's tax deed as to such interest is immaterial. Invalidity as to such interest would not destroy its validity as to the remaining estate. It is sufficient here to say that the "mineral reserve on" this land was stricken off to the county on the first day of the sale; that the certificate was there-

fore void, and that the idle gesture of endorsement of subsequent taxes thereon by the county could give it no validity. Had the certificate been valid there would have been no taxes payable so long as it was held by the county, and since in fact the certificate was void, notations of such payment could not give it life. While held by the county it would constitute no lien as the county had paid nothing for it, and it could result in no loss of taxes to the county. The void sale would not prevent valid sale thereafter for subsequent delinquent taxes.

It next is contended that the five-year statute of limitations can be used only as a defense to an action for recovery of possession, and therefore was not properly interposed in the present action for the reason that it was not for recovery of possession, but only to remove a cloud by a plaintiff who was not in possession and did not seek to recover possession of the property. The applicable part of the statute, section 262, chapter 142, '35 C.S.A., amended S.L. '37, page 1050, reads: "No action for the recovery of land sold for taxes shall lie unless the same be brought within five years after the execution and delivery of the deed therefor by the treasurer, any laws to the contrary notwithstanding." Since the only possible purpose of the action here involved, whatever it may have been denominated, was to procure the ultimate recovery of possession, and it was sought by this action to remove the one obstacle preventing such recovery, to say that this was not an action for such recovery would seem mere quibbling.

However, plaintiff in error insists that this contention is supported by authority and cites numerous cases. These we shall consider. The leading case, upon the argument and authority of which the court in later cases relies, is *Morris and Thombs v. St. Louis National Bank,* 17 Colo. 231, 29 Pac. 802. This was an action to remove a cloud existing by virtue of a tax deed. It was admitted in the answer that the lands claimed under the tax deed had remained wholly vacant, unoccupied and unim-

proved, and it was held that the five-year statute could not there be interposed as a bar. The court said: "Under such circumstances it is difficult to conceive how the present action can be regarded as an action for the *recovery* of said lands since the plaintiff has never been actually dispossessed of them. \* \* \* An action like the present to remove cloud from title is an appropriate remedy by the original owner of vacant lands against a party claiming title under a tax deed. By instituting such action the owner is not bound to confess himself ousted of his original possession, nor to assume as a matter of law that the tax claimant is in possession by virtue of his tax deed, when in fact the claimant is not in possession, and when the very purpose of the action is to have such deed adjudged invalid." It is apparent both from the facts and the reasoning that this decision was not intended to prevent setting up the five-year statute by the holder of a tax deed *in possession,* even though the action was denominated one to remove a cloud. *Munson v. Keim,* 53 Colo. 576, 127 Pac. 1026, was an action to remove a cloud on title in which it was held that the holder of a tax deed could not set up the five-year statute. While nothing is stated in the opinion as to possession, it is alleged both in the complaint and in the answer, that the land was vacant and unoccupied; consequently that was not an action to recover possession. *Foster v. Gray,* 24 Colo. App. 247, 133 Pac. 146, was an action to quiet title based on a tax deed wherein defendant set up title and alleged that plaintiff's tax deed was void. The holder of the tax deed, so far as appears, did not allege or have possession to support his plea of the five-year statute. The five-year statute was held not available. *Eagan v. Mahoney,* 24 Colo. App. 285, 174 Pac. 1119, was an action to remove the cloud of a tax deed, and it was held that the five-year statute was not a bar. There, again, it was alleged in the pleadings that the land was vacant and unoccupied at the time of the bringing of the suit. In *Empire Ranch & Cattle Co. v. Mason,*

22 Colo. App. 612, 126 Pac. 1129, where defendant set up the five-year statute in support of his tax deed, the court said: "The record showing the ground to be vacant and unoccupied at all times, we do not think this defense available to defendant in this action." *Munson v. Marks,* 52 Colo. 553, 124 Pac. 187, and *Empire Ranch & Cattle Co. v. Battelle,* 24 Colo. App. 375, 133 Pac. 1123, cited by plaintiff in error, are actions brought by holders of trust deeds for cancellation of subsequent tax deeds as clouds. In the former, there was no allegation in the pleadings as to possession, and, in the latter, it was alleged that the land was vacant and unoccupied. Whether the statute may be set up as a defense to such suit by one in actual possession under a tax deed, we need not now determine. We have found no case in which the pleadings disclosed actual possession by the holder of a tax deed, in which this court or the court of appeals has held that the five-year statute might not be set up as a bar. On the other hand, in *Litch v. Bryant,* 46 Colo. 160, 103 Pac. 289, the holder of a tax deed who was in possession brought suit to quiet title, and the holder of the patent title by cross complaint alleged that the plaintiff's tax deed was void for reasons not appearing on its face, and asked that it be set aside as a cloud. Plaintiff in reply set up the five-year statute, and it was held sufficient to support judgment in his favor.

From these cases we cannot draw the conclusion, as urged by plaintiff in error, that where the holder of a tax deed, good on its face, was in possession of property, and a suit for ejectment by the owner of the patent title would be barred by the five-year statute, nevertheless, under our code pleading, the statute might be avoided through the simple device of obtaining possession by means of two suits instead of one: the first, a suit to remove the deed as a cloud, and the second, a suit for possession. Rather, our conclusion is that the question of whether or not the action was one for possession was held to depend not on the form of the action, but on the

fact of possession. Where the holder of the tax deed had possession, action attacking the deed was an action for possession, and where the land was vacant and the holder of the tax deed therefore was not in possession, such action was not one for possession, and he could not rely on the statute to support his deed. This would be true whether the possession still remained in the former owner or the land was vacant and unoccupied, and it would be true under the code, or under our present rules or any other form of pleading.

 In any event, at the time this action was instituted, and at the time of the recording of the tax deed here involved, our former code has been supplanted by our rules of civil procedure and the rules of the code making specific provision for different forms of real-property action had been supplanted by Rule 105(a), R.C.P. Colo., the pertinent part of which reads as follows: "An action may be brought for the purpose of obtaining a complete adjudication of the rights of all parties thereto, with respect to any real property and for damages, if any, for the withholding of possession. The court in its decree shall grant full and adequate relief so as to completely determine the controversy and enforce the rights of the parties. The court may at any time after the entry of the decree make such additional orders as may be required in aid of such decree." This rule provides for one form of real-property action in which there may be obtained a complete adjudication of the rights of all parties. In the address by Golding Fairfield, Esquire, concerning this rule, Rules of Civil Procedure, vol. 1, '35 C.S.A. 477, he said: "(a) A few of the states now have but one form of real property action. It seems to be the modern practice. There seems to be no good reason for continuing separate actions for quiet title suits, mortgage foreclosures, bills to remove clouds, bills to reform deeds, ejectment or other similar actions." Since the adoption of this rule, it is not form, but substance, which determines the nature of the action.

■ Under our former code, plaintiff's complaint herein was in the nature of a suit to quiet title, rather than action to remove a cloud (*Knight v. Boring,* 38 Colo. 153, 87 Pac. 1078; *Harrison v. Denver,* 102 Colo. 98, 76 P. (2d) 1110), and would appear to have been technically demurrable because of failure to allege or prove possession. However, it complies with all the requirements of Rule 105(a) supra. The complaint being sufficient and the possession of defendant appearing, under Rule 105(a) the court should "grant full and adequate relief so as to completely determine the controversy and enforce the rights of the parties," and might, even after the entry of the decree, make additional orders in its aid. Again under Rule 54(c), except as to judgment entered by default, "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." Certainly under such rules, and upon the complaint here appearing and the issue of title asserted by defendant in error, it would have been the right and duty of the court, in case it had found in behalf of plaintiff, to award him possession, in order to grant him "full relief" and "completely determine the controversy and enforce the rights of the parties." Therefore, the action was one for possession and the five-year statute was a proper defense.

The judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE HAYS dissent.