42

## No. 16,545.

FUSCHINO *v*. LUTIN ET AL.
(234 P. [2d] 906)

Decided June 25, 1951.

Mr. JOHN W. ELWELL, for plaintiff in error.

Messrs. SEAVY & SEAVY, for defendants in error.

*In Department.*

MR. JUSTICE STONE delivered the opinion of the court.

FUSCHINO brought action on December 11, 1947, in the form of a quiet-title suit, to determine interests in certain land. Lutin, by her answer, alleged possession under a treasurer's deed and set up the bar of the short statute of limitations, section 262, chapter 142, '35 C.S.A., and the seven-year statute, section 143, chapter 40, '35 C.S.A. Fuschino denied Lutin's possession under the tax deed and asserted that the deed was void on its face for the reasons, (1) that the deed fails to state the amount of subsequent taxes paid by the assignee to the county where the lands involved were stricken off at a tax sale to the county for want of bids, and the county's certificate of sale was thereafter assigned to Lutin, to whom the tax deed was issued, and (2) that the grantee in said deed did not pay such sum as the board of county commissioners authorized at any regular meeting as consideration for said deed. Defendant prevailed and had judgment for costs.

As to the deed, statement of the amount of subsequent taxes paid or that any subsequent taxes were paid was not essential to its validity. *Bennett v. Shotwell*, 118 Colo. 206, 194 P. (2d) 335. Whether in fact a resolution was passed by the county commissioners authorizing any sum which was paid for said certificate is not a matter which is required to be shown on a treasurer's deed and, even if such resolution be necessary in fact, the want of it would not make the deed void on its face.

As to possession under the tax deed, the evidence discloses that the property involved was operated during the period here concerned as a rooming house. It contained some 40 rooms. Lutin's tax deed was issued and recorded December 22, 1933. Fuschino continued to live in three rooms, but Lutin thereafter collected all of the

rents except for the rooms so occupied, and some time after the recording of her deed purchased from Fuschino the furniture in the building, withholding the sum of $85 which she testified was for the purpose of covering the amount of rent which was due her from Fuschino at that time. The retention of this amount was admitted by the latter, but he denied that it was in payment of, and accepted as, rent. On such evidence the trial court found that Lutin was, and had been, in possession, with the knowledge and acquiescence of Fuschino, since December 11, 1933, or for fourteen years prior to the commencement of the action now before us. By virtue of such possession, if Lutin's tax deed alone be not a sufficient defense, the action is barred by the short statute of limitations, section 262, chapter 142, '35 C.S.A., which was pleaded as a defense, whether or not the scope of that statute has been enlarged by the 1937 amendment. S.L. '37, page 1050, chapter 226.

Reversal is urged further by reason of the following facts: While Lutin's tax deed was based on certificate issued to the county when the land was stricken off to it in 1930 for default of payment of the 1929 taxes, yet in December 1931 the property again was stricken off to the county for default of payment of the 1930 general taxes, and certificate issued thereunder was held by the county and taxes endorsed thereon annually thereafter until and including taxes for the year 1946, endorsed thereon in 1947. In July 1938 plaintiff offered the county $300 in settlement of the taxes, but it was refused. However, on September 26, 1938, the tax certificate was assigned to "L. Mary," for a consideration of $85, the assignee so named admittedly being in fact defendant Mary Lutin. Thereby as owner of the property she settled for $85 taxes amounting with interest to some $2,450. Since that date Lutin has in fact paid all taxes assessed against the property, but instead of showing such payment, the records show their endorsement on the outstanding tax certificate of 1931 with the blind

assignment. Whether such payment might properly be considered as payment of taxes under the requirements of the seven-year statute of limitations, as held by the trial court, we need not determine, since Lutin's tax deed does not need such support.

 Since tax deed had been issued to Lutin in December 1933, Fuschino's offer of $300 was that of one other than the owner. It would appear that the county commissioners might properly have accepted it, but they were not required to do so. The fact that after rejecting the $300 offered by the former owner they promptly accepted Lutin's offer of $85 does not confer any right upon Fuschino. Assuming his position to be correct, that Lutin could not legally compromise the taxes on her property, there would be no benefit to plaintiff therefrom; it would simply mean that the land still might be legally subject to the unpaid balance of such taxes. The effect of fraud or collusion therein, if existing, is not here for consideration. In any event, it would in nowise affect the validity of the tax deed issued to Lutin for default in payment of the prior 1929 taxes or toll the short statute of limitations based on that deed in this action for possession by virtue of a prior title.

The judgment is affirmed.

MR. CHIEF JUSTICE JACKSON and MR. JUSTICE MOORE concur.