No. 22311.

HATTIE D. CLEVELAND *v.* DOW CHEMICAL COMPANY, A DELAWARE CORPORATION.
(451 P.2d 741)

Decided March 17, 1969.

Frank E. Starkey, John Perrott, for plaintiff in error.

Lee, Bryans, Kelly & Stansfield, Fred L. Whitsell, for defendant in error.

*In Department.*

Opinion by Mr. Justice Groves.

The defendant in error, referred to as Dow Chemical Company, brought an action to quiet title to two patented placer mining claims and other property. It joined about 95 defendants, including the plaintiff in error who is referred to as Mrs. Cleveland. None of the defendants in the action, except Union Oil Company of California and Mrs. Cleveland entered any appearance and the defaults of all non-appearing defendants were entered. Dow Chemical recognized the rights of Union Oil Company of California and the case was tried with Mrs. Cleveland being the sole adversary. She asserted an interest only in the two claims.

The court found that Dow Chemical was the owner in fee simple and that under the chain of title Mrs. Cleveland had no interest in the property involved. The court further found that any interest which Mrs. Cleveland may have held in the property had been extinguished under the so-called 7-year statute, C.R.S. 1963,

118-7-8, and that Dow Chemical "has been in actual possession of the property under claim and color of title made in good faith and has for in excess of nine successive years continued in such possession and during said time has paid all taxes legally assessed on such property, all in accordance with the provisions of said statute."

We are convinced that the court was correct in both its findings, but we dispose of the matter merely under the 7-year statute.

In 1953 the persons claiming ownership and having possession of this property entered into a 10-year grazing lease with one Rufo Eisaguirre under the provisions of which Eisaguirre was to, and did, pay all taxes levied and assessed against the property. By warranty deed in 1955 these owners conveyed the property to Dow Chemical, including the lessors' interest in the lease. From 1953 until the time of trial in 1965 either Eisaguirre or Dow Chemical paid all taxes. They were in exclusive possession of the property. Dow Chemical brought an earlier quiet title action in which Mrs. Cleveland was not a party, but her husband and unknown persons were. A certified copy of the decree in that action, which quieted title in Dow Chemical, was recorded in 1957. This second quiet title action was brought at the suggestion of the title examiner of a proposed purchaser from Dow Chemical.

The County Treasurer testified that the taxes on the property were paid from the year 1955 through 1962 by Eisaguirre and that the taxes for 1963 and 1964 were paid by Dow Chemical. The evidence was undisputed that no tax sale certificates with respect to taxes for those years were recorded. Mrs. Cleveland argues that it was not shown that *all* the taxes were paid. We can find no basis for such a statement and, rather significantly, she did not attempt to show that there were any other taxes.

There was of record an agreement made in 1922

whereby the owners of the property contracted to convey the surface rights to the property to some persons named Dere. No deed to these contract purchasers under this executory contract was recorded and they were named as defendants in the 1957 quiet title action. Dow Chemical's title was there quieted against them. Mrs. Cleveland contends that the contract caused a severance of the surface and mineral estates with the result that she never obtained any title to the surface estate. Therefore, she asserts the evidence should show whether the taxes were assessed to the surface or the mineral estate or both. There was not a severance but, even if there were, the evidence is clear that all taxes assessed against this property were paid by or on behalf of Dow Chemical, and that disposes of the contention.

Mrs. Cleveland contends that the possession of the surface by Eisaguirre did not constitute possession of Dow Chemical adverse to her, since she could not have title to the surface. This is without merit. Occupancy by the lessee under a grazing lease constituted possession by Dow Chemical as against Mrs. Cleveland. *Munro v. Eshe*, 113 Colo. 19, 156 P.2d 700.

We are equally unconvinced by the argument that Dow Chemical did not prove a valid assessment of taxes. There was no issue with respect to the matter and a presumption of regularity must be indulged. *Citizens' Committee v. Warner*, 127 Colo. 121, 254 P.2d 1005.

Judgment affirmed.

MR. JUSTICE DAY and MR. JUSTICE LEE concur.