**Robert G. LEVY, Plaintiff-Appellee,**

v.

**Gerald E. WELSH, Defendant-Appellant.**

**No. 77–825.**

Colorado Court of Appeals,
Div. I.

June 15, 1978.

Rehearing Denied July 13, 1978.

Certiorari Granted Jan. 15, 1979.

---

1. C.R.C.P. 251(E) and 252(B) normally require that a copy of the Grievance Committee's Findings, Conclusions and Recommendations be sent to the respondent. In this case the respondent did not receive a copy of the letter because he failed to file a supplemental change of address form with the Clerk of the Supreme Court as required by C.R.C.P. 227 (1979 Supp.). Since the respondent has not reported his change of address, and has previously been served, we hold that the certified mailing satisfied Rules 251(E) and 252(B). We also note that by failing to appear at the grievance proceedings either in person or by counsel, the respondent waived his right to file exceptions to the Findings, Recommendations and Conclusions of the Grievance Committee.

Miller & Miller, Edward Miller, Wesley A. Miller, Denver, for plaintiff-appellee.

Davis, Graham & Stubbs, John M. Sayre, Felicity Hannay, Denver, for defendant-appellant.

COYTE, Judge.

In this C.R.C.P. 105 action, the trial court granted defendant Welsh's motion for summary judgment. Plaintiff Levy appeals. We reverse and remand to the trial court for a new trial.

Plaintiff sought to quiet title against defendant, who had acquired a treasurer's deed in 1965, to a tract of land in Adams County which plaintiff had purchased in 1958, and prayed for damages for withholding possession. After trial the court determined that the description of the property contained in the treasurer's deed was defective and quieted title in plaintiff. In an opinion not selected for publication, this court reversed that judgment, holding that the description was sufficient, and remanded the case for further proceedings not inconsistent with its opinion.

The presiding judge at the original trial died before further action could be taken. Consequently, when defendant moved for summary judgment, a different judge heard the motion, found that defendant was in possession, and concluded that plaintiff's claim was barred by § 39–12–101, C.R.S. 1973, the five-year statute of limitations. However, that judge could not make findings from evidence received in the first trial, but rather was limited to the facts set forth in the motion for summary judgment. C.R.C.P. 63. *See also Sunshine v. Sunshine*, 30 Colo.App. 67, 488 P.2d 1131 (1971).

With his motion for summary judgment defendant filed an affidavit which stated that "he was in possession" without any facts to support this conclusion. In contrast, the following facts appear from plaintiff's counter-affidavits and from the treasurer's deed.

Plaintiff acquired title to the tract in question by a warranty deed which was recorded in Adams County February 8, 1958. The land was sold at a tax sale on December 5, 1960. The purchaser at the tax sale assigned his certificate of sale to defendant June 6, 1962. Upon defendant's application, the Adams County Treasurer

issued a tax deed to defendant on May 2, 1965. This deed was likewise recorded in Adams County.

Plaintiff collected rent from tenants during the years between 1958 and 1971 until he made inquiry early in 1971 as to why he had not been receiving tax notices from the Adams County Treasurer's office. Upon being informed that the land had been sold for taxes and was now listed in the name of defendant, plaintiff contacted defendant, offered to redeem the property, and told defendant that the property had been leased to a tenant. Defendant thereupon contacted the tenant and told him that defendant was the owner of the land and that rent must thereafter be paid to him. The tenant complied with defendant's request, starting to pay the rent to defendant approximately two months before this action was commenced.

■ The defendant's claim of possession is based in part on the fact that at the time plaintiff's C.R.C.P. 105 action was filed, the tenant was paying rent to defendant rather than to the plaintiff. While we agree that occupancy by a lessee may constitute possession by a landlord, *see Cleveland v. Dow Chemical Co.*, 168 Colo. 388, 451 P.2d 741 (1969), we do not agree that possession was transferred to defendant by the unilateral act of the defendant arranging with plaintiff's tenant to pay rent to him rather than the plaintiff. *American Bond & Investment Co. v. Hopkins*, 46 Colo. 460, 104 P. 1040 (1909); *Merchants' State Bank v. Porter*, 20 Colo. 216, 37 P. 960 (1894).

■ Defendant also argues that by demanding possession and requesting damages for withholding possession, plaintiff has admitted that defendant was in possession at the time this action was commenced. We disagree.

Plaintiff's allegations as to possession contained in his complaint may not be construed as a judicial admission for the purpose of invoking the five year statute. Since the adoption of C.R.C.P. 105 there has been but one form of real property action. It is not form but substance which determines the nature of the action. *See Vogt v. Hansen*, 123 Colo. 105, 255 P.2d 1040 (1950). The undisputed facts as contained in the affidavits filed in support of or in opposition to the motion for summary judgment lead to but one conclusion, and that is that plaintiff and not defendant was in possession of the subject property at the time this suit was commenced. *American Bond & Investment Co. v. Hopkins, supra.* Here, the form of action is clearly an action to quiet title. As stated in *Morris v. St. Louis National Bank*, 17 Colo. 231, 29 P. 802 (1892), "Under such circumstances, it is difficult to conceive how the present action can be regarded as an action for the recovery of said lands, since the plaintiff has never been actually dispossessed of them." Accordingly, we hold that, as a matter of law, defendant was not in possession of the subject property at the time of the commencement of this action.

■ Plaintiff also contends that the trial court erred in denying his motion to amend his complaint so as to delete any reference to his seeking possession. We disagree. Since this is a C.R.C.P. 105 proceeding, and as stated above, the paramount concern is substance and not form, the issues are subject to proof. Thus, plaintiff is not prejudiced by the form of his present complaint.

Since defendant was not in possession at the time of commencement of this action, he cannot rely upon § 39–12–101, C.R.S. 1973.

It should be pointed out that the language in our prior opinion wherein this court stated that the deed was not invalid on its face, had reference to the legal description only. There were neither findings by the trial court, nor comments by this court, as to the adequacy of notice of the application for issuance of the treasurer's deed to plaintiff.

In order to determine whether the tax deed was valid, a trial must be held on the issue of whether plaintiff had notice of the purchase and issuance of the treasurer's deed as required by § 39–11–128, C.R.S. 1973. *Concord Corp. v. Huff*, 144 Colo. 72, 355 P.2d 73 (1960). Since the trial judge is

deceased, the issue of notice will of necessity have to be completely re-tried from its inception. *Sunshine v. Sunshine, supra.*

We reverse the judgment of the trial court and remand the cause for trial on the issue of diligent inquiry to locate and serve notice on the plaintiff prior to issuance of the tax deed in question.

RULAND and STERNBERG, JJ., concur.