## No. C-1696

## Gerald E. Welsh v. Robert J. Levy

(612 P.2d 80)

Decided June 2, 1980. Rehearing denied June 23, 1980.

Davis, Graham & Stubbs, Felicity Hannay, John M. Sayre, for petitioner.

Wesley A. Miller, Edward Miller, for respondent.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

Certiorari was granted to review the decision of the court of appeals in *Levy v. Welsh,* 44 Colo. App. 360, 612 P.2d 1135, (1978). We affirm the court of appeals.

Respondent, Robert J. Levy, acquired title by purchase of a tract of land on January 31, 1958. He paid taxes on the property that year, but failed to pay any taxes from 1959 until the time that this action was initiated in 1971. Levy claimed that he thought his father had been paying the taxes during those years.

The property was sold at a tax sale on December 5, 1960. The certificate of sale was assigned to petitioner, Gerald E. Welsh, on June 6, 1962. On March 2, 1965, a treasurer's deed was executed, recorded, and delivered to Welsh by the Treasurer of Adams County. Welsh paid taxes on the property from 1962 until 1975.

For a period of approximately twenty-four to thirty months during the years following the tax sale of the property to Welsh, Levy leased the property to two separate tenants for grazing purposes. The second tenant was in possession of the property when Welsh became aware of the tenancy. Welsh notified the tenant that he was the owner of the property and that all future rent payments should be made to him. The tenant began paying rent to Welsh in March 1971.

In May 1971, Levy commenced an action in district court under C.R.C.P. 105 "for the purpose of obtaining a complete adjudication of the rights of the parties hereto with respect to such real property and for damages for the withholding of possession."

Welsh moved to dismiss, asserting that more than five years had elapsed since the execution and delivery of the treasurer's deed, and thus the action was barred by section 39-12-101, C.R.S. 1973. The district court granted the motion to dismiss.

Levy then filed a motion for new trial. The district court vacated its judgment, holding that the treasurer's deed was void on its face because of an insufficient description of the property.

Welsh appealed and the court of appeals reversed in an opinion not selected for publication. The court concluded, as a matter of law, that the property description at issue was sufficient and that the deed was not invalid on its face. The case was remanded "for further proceedings not inconsistent with this opinion."

On February 23, 1977, following remand of the case, Welsh filed a motion for summary judgment in the district court. He once again argued that the five-year statute of limitations in section 39-12-101 barred Levy's action.

Levy then filed a motion for leave to amend his original complaint in order to clear up the "ambiguities" in the language of the complaint. Specifically, he sought to delete language which referred to Welsh's possession of the property, *i.e.*, Levy's claim for "damages for the withholding of possession." The court denied the motion, finding that the complaint was "unambiguous with regard to the issue of possession."

The court then heard oral argument on Welsh's motion for summary judgment. The motion was granted on the basis that the five-year statute of limitations in section 39-12-101 operated to bar Levy's action.

Levy then appealed and the court of appeals reversed. The court of appeals held that Levy's allegations relating to possession could not be construed as a judicial admission for the purpose of invoking section 39-12-101; that the undisputed facts contained in affidavits in the record could lead only to the conclusion that Levy was in possession of the property at the time of the commencement of this action and therefore, as a matter of law, Welsh was not in possession at the time of the commencement of this action; and finally that, since Welsh was not in possession, he was not entitled to rely on section 39-12-101, C.R.S. 1973.

The court of appeals remanded the cause for trial on the issue of whether Levy was given notice of Welsh's application for the issuance of a treasurer's deed, as required by section 39-11-128, C.R.S. 1973, in order to determine the validity of the deed.

Welsh here argues that the court of appeals erred in reversing the summary judgment entered by the district court. We do not agree.

The primary issue here before us is whether Welsh can rely on the provisions of section 39-12-101, C.R.S. 1973. That section states in pertinent part:

". . . No action for the recovery of land sold for taxes shall lie unless the same is brought within five years after the execution and delivery of the deed therefor by the treasurer, any laws to the contrary notwithstanding . . . ."

Many cases have considered the effect of the so-called "short" five-year statute of limitations. Whether brought as actions to quiet title, to remove a cloud on title, or in ejectment,[1] the rule is clearly established: the five-year statute of limitations may not be relied upon as a defense unless the holder of the treasurer's deed is in actual possession of the property at the time the action is commenced. *Compare Fastenau v. Asher,* 124 Colo. 161, 235 P.2d 587 (1951); *Fuschino v. Lutin,* 124 Colo. 42, 234 P.2d 906 (1951); *Vogt v. Hansen,* 123 Colo. 105, 225 P.2d 1040 (1950); *Realty Co. v. Brady,* 77 Colo. 56, 234 P. 1054 (1925); *Lambert v. Murray,* 52 Colo. 156, 120 P. 415 (1911); *Litch v. Bryant,* 46 Colo. 160, 103 P. 289 (1909); *Wood v. McCombe,* 37 Colo. 174, 86 P. 319 (1906); and *Williams v. Conroy,* 35 Colo. 117, 83 P. 959 (1905) (holder of tax deed in actual possession has a right to rely on the five-year statute of limitations) *with Central Co. v. Frost,* 76 Colo. 413, 232 P. 1111 (1924); *Bennett v. Rohan,* 73 Colo. 551, 216 P. 1052 (1923); *Gibson v. Interior Realty Co.,* 70 Colo. 5, 201 P. 680 (1921); *Munson v. Keim,* 53

---

[1] Now we have but one form of action, C.R.C.P. 105.

Colo. 576, 127 P. 1026 (1912); *Munson v. Marks,* 52 Colo. 553, 124 P. 187 (1912); *Keener v. Wilkinson,* 33 Colo. 445, 80 P. 1043 (1905); *Mitchell v. Titus,* 33 Colo. 385, 80 P. 1042 (1905); *Eagan v. Mahoney,* 24 Colo. App. 285, 174 P. 1119 (1913); *Foster v. Gray,* 24 Colo. App. 247, 133 P. 146 (1913); and *Empire Co. v. Mason,* 22 Colo. App. 612, 126 P. 1129 (1912) (property at issue was vacant and tax deed holder could not rely on the five-year statute of limitations).

As noted previously in this opinion, twice during the years following the tax sale, Levy leased the property to tenants who used it for grazing. While the second tenant was in possession of the property, Welsh became aware of the tentants' possession and notified him to make all future rent payments to him. The tenant complied with this demand. Welsh argues that by this action the tenant thus became *his* tenant, and Welsh, therefore, was in possession of the property at the time this action was initiated. We do not agree.

 This court has held that occupancy by a lessee under a lease constitutes possession by the lessor. *Cleveland v. Dow Chemical,* 168 Colo. 388, 451 P.2d 741 (1969); *American Bond Co. v. Hopkins,* 46 Colo. 460, 104 P. 1040 (1909); and *Merchants' State Bank v. Porter,* 20 Colo. 216, 37 P. 960 (1894). However, the actions of Welsh in inducing Levy's tenant to pay the rent to him could not effectively terminate the tenancy established by Levy and divest Levy of possession. *American Bond Co. v. Hopkins, supra; Merchants' State Bank v. Porter, supra.*

We therefore agree with the court of appeals that, since the record shows that Levy, and not Welsh, was in possession of the property at the time this action was brought, Welsh cannot rely on the five-year statute of limitations, section 39-12-101, C.R.S. 1973, to bar Levy's claim.

Accordingly, we affirm the judgment.

JUSTICE ERICKSON does not participate.